IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br>SOUTHERN FOODS GROUP, LLC, <br><br>    Debtor. <br><br>Tax I.D. No. 75-2571364 | Chapter 11 <br><br>Case No. 19-36313 (DRJ) |
| In re: <br><br>DEAN FOODS COMPANY, <br><br>    Debtor. <br><br>Tax I.D. No. 75-2559681 | Chapter 11 <br><br>Case No. 19-36314 (DRJ) |
| In re: <br><br>ALTA-DENA CERTIFIED DAIRY, LLC, <br><br>    Debtor. <br><br>Tax I.D. No. 36-4261347 | Chapter 11 <br><br>Case No. 19-36315 (DRJ) |
| In re: <br><br>BERKELEY FARMS, LLC, <br><br>    Debtor. <br><br>Tax I.D. No. 94-3308965 | Chapter 11 <br><br>Case No. 19-3632 (DRJ) |

-2-

| | |
|---|---|
| In re:<br><br>CASCADE EQUITY REALTY, LLC,<br><br>        Debtor.<br><br>Tax I.D. No. 27-2963940 | Chapter 11<br><br>Case No. 19-36323 (DRJ) |
| In re:<br><br>COUNTRY FRESH, LLC,<br><br>        Debtor.<br><br>Tax I.D. No. 38-1256303 | Chapter 11<br><br>Case No. 19-36329 (DRJ) |
| In re:<br><br>DAIRY INFORMATION SYSTEMS HOLDINGS, LLC,<br><br>        Debtor.<br><br>Tax I.D. No. 20-1859144 | Chapter 11<br><br>Case No. 19-36337 (DRJ) |
| In re:<br><br>DAIRY INFORMATION SYSTEMS, LLC,<br><br>        Debtor.<br><br>Tax I.D. No. 20-2830009 | Chapter 11<br><br>Case No. 19-36340 (DRJ) |
| In re:<br><br>DEAN DAIRY HOLDINGS, LLC,<br><br>        Debtor.<br><br>Tax I.D. No. 75-2969188 | Chapter 11<br><br>Case No. 19-36344 (DRJ) |

-3-

| | |
|---|---|
| In re:<br><br>DEAN EAST II, LLC,<br><br>    Debtor.<br><br>Tax I.D. No.  75-2969192 | Chapter 11<br><br>Case No. 19-36346 (DRJ) |
| In re:<br><br>DEAN EAST, LLC,<br><br>    Debtor.<br><br>Tax I.D. No.  74-2938751 | Chapter 11<br><br>Case No. 19-36347 (DRJ) |
| In re:<br><br>DEAN FOODS NORTH CENTRAL, LLC,<br><br>    Debtor.<br><br>Tax I.D. No.  36-4277858 | Chapter 11<br><br>Case No. 19-36348 (DRJ) |
| In re:<br><br>DEAN FOODS OF WISCONSIN, LLC,<br><br>    Debtor.<br><br>Tax I.D. No.  26-4552504 | Chapter 11<br><br>Case No. 19-36351 (DRJ) |
| In re:<br><br>DEAN HOLDING COMPANY,<br><br>    Debtor.<br><br>Tax I.D. No.  39-031839 | Chapter 11<br><br>Case No. 19-36354 (DRJ) |

-4-

| | |
|---|---|
| In re:<br><br>DEAN INTELLECTUAL PROPERTY SERVICES II, INC.,<br><br>     Debtor.<br><br>Tax I.D. No. 05-053351 | Chapter 11<br><br>Case No. 19-36355 (DRJ) |
| In re:<br><br>DEAN INTERNATIONAL HOLDING COMPANY,<br><br>     Debtor.<br><br>Tax I.D. No.  75-2889785 | Chapter 11<br><br>Case No. 19-36316 (DRJ) |
| In re:<br><br>DEAN MANAGEMENT, LLC,<br><br>     Debtor.<br><br>Tax I.D. No.  75-2587782 | Chapter 11<br><br>Case No. 19-36317 (DRJ) |
| In re:<br><br>DEAN PUERTO RICO HOLDINGS, LLC,<br><br>     Debtor.<br><br>Tax I.D. No.  75-256683 | Chapter 11<br><br>Case No. 19-36318 (DRJ) |
| In re:<br><br>DEAN SERVICES, LLC,<br><br>     Debtor.<br><br>Tax I.D. No.  20-5622168 | Chapter 11<br><br>Case No. 19-36321 (DRJ) |

-5-

| | |
|---|---|
| In re:<br><br>DEAN TRANSPORTATION, INC.,<br><br>    Debtor.<br><br>Tax I.D. No. 34-1848896 | Chapter 11<br><br>Case No. 19-36324 (DRJ) |
| In re:<br><br>DEAN WEST II, LLC,<br><br>    Debtor.<br><br>Tax I.D. No. 75-2969190 | Chapter 11<br><br>Case No. 19-36325 (DRJ) |
| In re:<br><br>DEAN WEST, LLC,<br><br>    Debtor.<br><br>Tax I.D. No. 74-2938753 | Chapter 11<br><br>Case No. 19-36326 (DRJ) |
| In re:<br><br>DFC AVIATION SERVICES, LLC,<br><br>    Debtor.<br><br>Tax I.D. No. 46-1241600 | Chapter 11<br><br>Case No. 19-36327 (DRJ) |
| In re:<br><br>DFC ENERGY PARTNERS, LLC,<br><br>    Debtor.<br><br>Tax I.D. No. 26-2453889 | Chapter 11<br><br>Case No. 19-36328 (DRJ) |

-6-

| | |
|---|---|
| In re:<br><br>DFC VENTURES, LLC,<br><br>　　　　　Debtor.<br><br>Tax I.D. No.  82-1264213 | Chapter 11<br><br>Case No. 19-36330 (DRJ) |
| In re:<br><br>DGI VENTURES, INC.,<br><br>　　　　　Debtor.<br><br>Tax I.D. No.  26-0196766 | Chapter 11<br><br>Case No. 19-36332 (DRJ) |
| In re:<br><br>DIPS LIMITED PARTNER II,<br><br>　　　　　Debtor.<br><br>Tax I.D. No.  36-4327167 | Chapter 11<br><br>Case No. 19-36333 (DRJ) |
| In re:<br><br>FRANKLIN HOLDINGS, INC.,<br><br>　　　　　Debtor.<br><br>Tax I.D. No.  11-2228114 | Chapter 11<br><br>Case No. 19-36335 (DRJ) |
| In re:<br><br>FRESH DAIRY DELIVERY, LLC,<br><br>　　　　　Debtor.<br><br>Tax I.D. No.  27-1372314 | Chapter 11<br><br>Case No. 19-36336 (DRJ) |

| | |
|---|---|
| In re:<br><br>FRIENDLY'S ICE CREAM HOLDINGS CORP.,<br><br>       Debtor.<br><br>Tax I.D. No.  46-4527609 | Chapter 11<br><br>Case No. 19-36319 (DRJ) |
| In re:<br><br>FRIENDLY'S MANUFACTURING AND RETAIL, LLC,<br><br>       Debtor.<br><br>Tax I.D. No.  36-4719828 | Chapter 11<br><br>Case No. 19-36322 (DRJ) |
| In re:<br><br>GARELICK FARMS, LLC,<br><br>       Debtor.<br><br>Tax I.D. No.  52-2133221 | Chapter 11<br><br>Case No. 19-36331 (DRJ) |
| In re:<br><br>MAYFIELD DAIRY FARMS, LLC,<br><br>       Debtor.<br><br>Tax I.D. No.  62-0583008 | Chapter 11<br><br>Case No. 19-36334 (DRJ) |
| In re:<br><br>MIDWEST ICE CREAM COMPANY, LLC,<br><br>       Debtor.<br><br>Tax I.D. No.  36-4400130 | Chapter 11<br><br>Case No. 19-36338 (DRJ) |

| | |
|---|---|
| In re:<br><br>MODEL DAIRY, LLC,<br><br>          Debtor.<br><br>Tax I.D. No.  75-2677981 | Chapter 11<br><br>Case No. 19-36339 (DRJ) |
| In re:<br><br>REITER DAIRY, LLC,<br><br>          Debtor.<br><br>Tax I.D. No.  04-3673675 | Chapter 11<br><br>Case No. 19-36341 (DRJ) |
| In re:<br><br>SAMPSON VENTURES, LLC,<br><br>          Debtor.<br><br>Tax I.D. No.  77-0667714 | Chapter 11<br><br>Case No. 19-36342 (DRJ) |
| In re:<br><br>SHENANDOAH'S PRIDE, LLC,<br><br>          Debtor.<br><br>Tax I.D. No.  74-2952858 | Chapter 11<br><br>Case No. 19-36343 (DRJ) |
| In re:<br><br>STEVE'S ICE CREAM, LLC,<br><br>          Debtor.<br><br>Tax I.D. No.  82-1926807 | Chapter 11<br><br>Case No. 19-36345 (DRJ) |

| | |
|---|---|
| In re:<br><br>SUIZA DAIRY GROUP, LLC,<br><br>       Debtor.<br><br>Tax I.D. No.  04-3742039 | Chapter 11<br><br>Case No. 19-36349 (DRJ) |
| In re:<br><br>TUSCAN/LEHIGH DAIRIES, INC.,<br><br>       Debtor.<br><br>Tax I.D. No.  33-1046774 | Chapter 11<br><br>Case No. 19-36350 (DRJ) |
| In re:<br><br>UNCLE MATT'S ORGANIC, INC.,<br><br>       Debtor.<br><br>Tax I.D. No.  42-1560079 | Chapter 11<br><br>Case No. 19-36352 (DRJ) |
| In re:<br><br>VERIFINE DAIRY PRODUCTS OF SHEBOYGAN, LLC,<br><br>       Debtor.<br><br>Tax I.D. No.  39-0677200 | Chapter 11<br><br>Case No. 19-36353 (DRJ) |

**EMERGENCY MOTION OF DEBTORS FOR ENTRY OF AN ORDER
(I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES
AND (II) GRANTING RELATED RELIEF**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON NOVEMBER 13, 2019 AT 2:30 PM IN COURTROOM 400, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NOT LATER THAN NOVEMBER 13, 2019.**

Southern Foods Group, LLC ("**Southern Foods**"), Dean Foods Company, and certain of their affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Emergency Motion of Debtors for Entry of an Order (i) Directing Joint Administration of Chapter 11 Cases and (ii) Granting Related Relief* (this "**Motion**"). This Motion is supported by the *Declaration of Gary Rahlfs in Support of Debtors' Chapter 11 Proceedings and First Day Pleadings* (the "**Rahlfs Declaration**") filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully state as follows:

### Relief Requested

1. By this Motion, and pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), the Debtors seek entry of an order (the "**Proposed Order**" and, if entered, the "**Order**") directing the joint administration of the Chapter 11 Cases for procedural purposes only. Specifically, the Debtors request that the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") maintain one file and one docket for all of the Chapter 11 Cases under the case of Southern Foods Group, LLC and that the Chapter 11 Cases be administered under a consolidated caption, as follows:

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SOUTHERN FOODS GROUP, LLC, *et al.*, | ) | Case No. 19-36313 (DRJ) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southern Foods Group, LLC (1364); Dean Foods Company (9681); Alta-Dena Certified Dairy, LLC (1347); Berkeley Farms, LLC (8965); Cascade Equity Realty, LLC (3940); Country Fresh, LLC (6303); Dairy Information Systems Holdings, LLC (9144); Dairy Information Systems, LLC (0009); Dean Dairy Holdings, LLC (9188); Dean East II, LLC (9192); Dean East, LLC (8751); Dean Foods North Central, LLC (7858); Dean Foods of Wisconsin, LLC (2504); Dean Holding Company (8390); Dean Intellectual Property Services II, Inc. (3512); Dean International Holding Company (9785); Dean Management, LLC (7782); Dean Puerto Rico Holdings, LLC (6832); Dean Services, LLC (2168); Dean Transportation, Inc. (8896); Dean West II, LLC (9190); Dean West, LLC (8753); DFC Aviation Services, LLC (1600); DFC Energy Partners, LLC (3889); DFC Ventures, LLC (4213); DGI Ventures, Inc. (6766); DIPS Limited Partner II (7167); Franklin Holdings, Inc. (8114); Fresh Dairy Delivery, LLC (2314); Friendly's Ice Cream Holdings Corp. (7609); Friendly's Manufacturing and Retail, LLC (9828); Garelick Farms, LLC (3221); Mayfield Dairy Farms, LLC (3008); Midwest Ice Cream Company, LLC (0130); Model Dairy, LLC (7981); Reiter Dairy, LLC (3675); Sampson Ventures, LLC (7714); Shenandoah's Pride, LLC (2858); Steve's Ice Cream, LLC (6807); Suiza Dairy Group, LLC (2039); Tuscan/Lehigh Dairies, Inc. (6774); Uncle Matt's Organic, Inc. (0079); and Verifine Dairy Products of Sheboygan, LLC (7200). The debtors' mailing address is 2711 North Haskell Avenue, Suite 3400, Dallas, TX 75204.

2.  The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket in each of the Chapter 11 Cases (other than the Chapter 11 Case of Southern Foods Group, LLC) to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas directing the joint administration of this case solely for procedural purposes with the chapter 11 cases of Southern Foods Group, LLC; Dean Foods Company; Alta-Dena Certified Dairy, LLC; Berkeley Farms, LLC; Cascade Equity Realty, LLC; Country Fresh, LLC; Dairy Information Systems Holdings, LLC; Dairy Information Systems, LLC; Dean Dairy Holdings, LLC; Dean East II, LLC; Dean East, LLC; Dean Foods North Central, LLC; Dean Foods of Wisconsin, LLC; Dean Holding Company; Dean Intellectual Property Services II, Inc.; Dean International Holding Company; Dean Management, LLC; Dean Puerto Rico Holdings, LLC; Dean Services, LLC; Dean Transportation, Inc.; Dean West II,

LLC; Dean West, LLC; DFC Aviation Services, LLC; DFC Energy Partners, LLC; DFC Ventures, LLC; DGI Ventures, Inc.; DIPS Limited Partner II; Franklin Holdings, Inc.; Fresh Dairy Delivery, LLC; Friendly's Ice Cream Holdings Corp.; Friendly's Manufacturing and Retail, LLC; Garelick Farms, LLC; Mayfield Dairy Farms, LLC; Midwest Ice Cream Company, LLC; Model Dairy, LLC; Reiter Dairy, LLC; Sampson Ventures, LLC; Shenandoah's Pride, LLC; Steve's Ice Cream, LLC; Suiza Dairy Group, LLC; Tuscan/Lehigh Dairies, Inc.; Uncle Matt's Organic, Inc.; and Verifine Dairy Products of Sheboygan, LLC.  **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 19-36313 (DRJ).**

3. In addition, the Debtors request that the Court waive the requirement of section 342(c)(1) of title 11 of the United States Code (the "**Bankruptcy Code**") and Bankruptcy Rule 2002(n) for the inclusion of the Debtors' full tax identification numbers in the captions for the Debtors' filings with the Court and notices sent to creditors.

4. The Debtors further request authority to file any monthly operating reports and post-effective date quarterly operating reports on a consolidated basis for the jointly-administered Debtors; *provided, however,* that income and disbursements are tracked and broken out on a Debtor-by-Debtor basis.

## Jurisdiction, Venue, and Authority

5. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.).

6. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  In addition, the Debtors confirm their consent, pursuant to Bankruptcy Rule 7008 and Local Rule 7008-1, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

7. On the date hereof, (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed in the Chapter 11 Cases.

8. Additional information about the Debtors' businesses and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the Rahlfs Declaration, which is incorporated herein by reference.

## Basis for Relief

9. Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Each Debtor is an "affiliate," as that term is defined under section 101(2) of the Bankruptcy Code, of Southern Foods or one of its Debtor affiliates. Accordingly, the Court is authorized to grant the requested relief by virtue of the fact that Southern Foods is an affiliate of each of the other Debtors. Local Rule 1015-1 provides additional authority for the Court to order joint administration of the Chapter 11 Cases.

10. The request for joint administration of interrelated chapter 11 cases is generally noncontroversial and routinely approved by courts in this jurisdiction under similar circumstances. *See, e.g.*, *In re Alta Mesa Resources, Inc.*, Case No. 19-35133 (MI) (Bankr. S.D.

Tex. Sept. 12, 2019) (directing the joint administration of chapter 11 cases); *In re PetroQuest Energy, Inc.*, Case No. 18-36322 (MI) (Bankr. S.D. Tex. Nov. 7, 2018) (same); *In re Erin Energy Corp.*, Case No. 18-32106 (MI) (Bankr. S.D. Tex. May 1, 2018) (same); *In re Fieldwood Energy LLC*, Case No. 18-30648 (DRJ) (Bankr. S.D. Tex. Feb. 15, 2018) (same); *In re Exco Resources, Inc.*, Case No. 18-30155 (MI) (Bankr. S.D. Tex. Jan. 16, 2018) (same); *In re Cobalt Int'l Energy, Inc.*, Case No. 17-36709 (MI) (Bankr. S.D. Tex. Dec. 14, 2017) (same).

11. On the date hereof, the Debtors commenced the 43 Chapter 11 Cases referenced above by filing petitions for voluntary relief with the Court. Given the provisions of the Bankruptcy Rules and the Local Rules and the Debtors' affiliation, joint administration of the Chapter 11 Cases is warranted and will provide significant administrative convenience without harming the substantive rights of any party in interest. Joint administration will avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders, thereby saving the Debtors considerable expense and resources. The Debtors' financial affairs and business operations are closely related. Many of the motions, hearings, and orders in the Chapter 11 Cases will affect each Debtor and its respective estate. The rights of creditors will not be adversely affected, as this Motion requests only administrative, and not substantive, consolidation of the estates. Moreover, each creditor shall still file its claim against a particular estate. In fact, all creditors will benefit by the reduced costs that will result from the joint administration of the Chapter 11 Cases. The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the Chapter 11 Cases by the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") will be simplified.

12. Furthermore, it is appropriate to waive the requirement of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) for the inclusion of the Debtors' full tax identification numbers in the captions for the Debtors' filings with the Court and notices sent to creditors. This information is available on all of the Debtors' chapter 11 petitions. Waiver of this requirement is purely procedural in nature and will ease the administrative burden on the Debtors.

13. In view of the fact that joint administration is a procedural matter only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly-administered Debtors.

14. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, creditors, and other parties in interest and, therefore, should be granted.

**Emergency Consideration**

15. Pursuant to Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this Motion under Bankruptcy Rule 6003(b). Bankruptcy Rule 6003 provides that, "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, issue an order granting . . . (b) a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition . . . ." Fed. R. Bankr. P. 6003. As set forth in this Motion and the Rahlfs Declaration, the Debtors believe that an orderly transition into chapter 11 is critical to the viability of the Debtors' businesses, operations, and estates and that any delay in granting the emergency relief requested

herein could cause immediate and irreparable harm. Accordingly, the emergency relief requested herein is consistent with Bankruptcy Rule 6003.

## Notice

16. Notice of the Hearing and the relief requested in the Motion has been provided by telecopy, email, overnight courier and/or hand delivery, to (i) the United States Trustee for the Southern District of Texas, (ii) those creditors holding the 30 largest unsecured claims against the Debtors' estates (on a consolidated basis), (iii) White & Case LLP, as counsel to Coöperatieve Rabobank U.A., New York Branch, the administrative agent under the Debtors' prepetition receivables purchase agreement, the administrative agent under the Debtors' prepetition secured revolving credit facility, and the administrative agent under the Debtors' proposed post-petition financing facility, (iv) indenture trustee under the Debtors' prepetition unsecured bond indenture, (v) Mayer Brown LLP, as counsel to PNC Bank, National Association, the co-agent under Debtors' prepetition receivables purchase agreement, (vi) Paul, Weiss, Rifkind, Wharton & Garrison LLP, as counsel to an ad hoc group of prepetition unsecured noteholders, (vii) the Securities and Exchange Commission, (viii) the Internal Revenue Service, (ix) the United States Attorney's Office for the Southern District of Texas, (x) the state attorneys general for states in which the Debtors conduct business, (xi) all other parties asserting a security interest in the assets of the Debtors to the extent reasonably known to the Debtors, and (xii) any party that has requested notice pursuant to Bankruptcy Rule 2002 (the "**Notice Parties**"). A copy of this Motion and any order approving it will also be made available on the Debtors' case information website located at https://dm.epiq11.com/SouthernFoods. Under the circumstances, such notice of the hearing and the relief requested in the Motion constitutes due, sufficient and appropriate notice and complies with Section 102(1) of the

Bankruptcy Code, Bankruptcy Rules 2002, 4001(b) and (c) and 9014, the Local Rules and the Complex Case Rules.

### No Prior Request

17.     The Debtors have not previously sought the relief requested herein from the Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:  November 12, 2019
        Houston, Texas

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

*/s/ William R. Greendyke*
William R. Greendyke (SBT 08390450)
Jason L. Boland (SBT 24040542)
Robert B. Bruner (SBT 24062637)
Julie Goodrich Harrison (SBT 24092434)
1301 McKinney Street, Suite 5100
Houston, Texas 77010-3095
Tel.: (713) 651-5151
Fax: (713) 651-5246
william.greendyke@nortonrosefulbright.com
jason.boland@nortonrosefulbright.com
bob.bruner@nortonrosefulbright.com
julie.harrison@nortonrosefulbright.com

*-and-*

**DAVIS POLK & WARDWELL LLP**

Brian M. Resnick (*pro hac vice* pending)
Steven Z. Szanzer (*pro hac vice* pending)
Nate Sokol (*pro hac vice* pending)
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Fax: (212) 701-5800
brian.resnick@davispolk.com
steven.szanzer@davispolk.com
nathanial.sokol@davispolk.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## Certificate of Accuracy

  I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.

*/s/ William R. Greendyke*
William R. Greendyke
