IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SOUTHERN FOODS GROUP, LLC, *et al.*, | ) | Case No. 19-36313 |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

### DECLARATION OF ROBERT BRUCE MATSON IN SUPPORT OF DEBTORS' MOTION FOR AUTHORIZATION TO PAY CRITICAL VENDORS

ROBERT BRUCE MATSON declares and says:

1. I am the Senior Director of Dairy Procurement of each of the above-captioned debtors (collectively, the "**Debtors**" or "**Dean Foods**") and have been since May 2015. From January 2008 through May 2015, I was the Director of Dairy Procurement at Dean Foods. Prior to my employment with Dean Foods, I served as Director of Dairy Procurement of Wells Enterprise, which was acquired by Dean Foods in January 2008. Prior to that, I was Director of the Fluid Milk Division of the Maryland & Virginia Milk Producers Cooperative. I hold a

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southern Foods Group, LLC (1364); Dean Foods Company (9681); Alta-Dena Certified Dairy, LLC (1347); Berkeley Farms, LLC (8965); Cascade Equity Realty, LLC (3940); Country Fresh, LLC (6303); Dairy Information Systems Holdings, LLC (9144); Dairy Information Systems, LLC (0009); Dean Dairy Holdings, LLC (9188); Dean East II, LLC (9192); Dean East, LLC (8751); Dean Foods North Central, LLC (7858); Dean Foods of Wisconsin, LLC (2504); Dean Holding Company (8390); Dean Intellectual Property Services II, Inc. (3512); Dean International Holding Company (9785); Dean Management, LLC (7782); Dean Puerto Rico Holdings, LLC (6832); Dean Services, LLC (2168); Dean Transportation, Inc. (8896); Dean West II, LLC (9190); Dean West, LLC (8753); DFC Aviation Services, LLC (1600); DFC Energy Partners, LLC (3889); DFC Ventures, LLC (4213); DGI Ventures, Inc. (6766); DIPS Limited Partner II (7167); Franklin Holdings, Inc. (8114); Fresh Dairy Delivery, LLC (2314); Friendly's Ice Cream Holdings Corp. (7609); Friendly's Manufacturing and Retail, LLC (9828); Garelick Farms, LLC (3221); Mayfield Dairy Farms, LLC (3008); Midwest Ice Cream Company, LLC (0130); Model Dairy, LLC (7981); Reiter Dairy, LLC (3675); Sampson Ventures, LLC (7714); Shenandoah's Pride, LLC (2858); Steve's Ice Cream, LLC (6807); Suiza Dairy Group, LLC (2039); Tuscan/Lehigh Dairies, Inc. (6774); Uncle Matt's Organic, Inc. (0079); and Verifine Dairy Products of Sheboygan, LLC (7200). The debtors' mailing address is 2711 North Haskell Avenue, Suite 3400, Dallas, TX 75204.

Bachelor of Science from West Virginia University. I am familiar with Debtors' milk procurement processes and the milk producers that supply Debtors with milk and milk products.

2. I submit this declaration in support of Debtors' motion for authorization to pay critical vendors (the "**Critical Vendors Motion**"). I have reviewed the Critical Vendors Motion or have otherwise had its contents explained to me, and it is my belief that the expedited relief sought therein is essential to the uninterrupted operation of Dean Foods' businesses.

3. Except as otherwise indicated, the facts set forth in this declaration (the "**Declaration**") are based upon my personal knowledge, my review of the relevant documents, information provided to me by employees working under my supervision, or my opinion based upon experience, knowledge, and information concerning the operations of Debtors and the dairy industry as a whole. If called upon to testify, I would testify competently to the facts set forth in this Declaration. Unless otherwise indicated, the financial information contained herein is unaudited and provided on a consolidated basis.

4. Section I of this Declaration provides a brief overview of Debtors' businesses, including Debtors' milk procurement practices; Section II describes the substantial and irreparable harm to Debtors' businesses that will occur if they are not permitted to pay certain suppliers, as requested in the Critical Vendors Motion; and Section III describes the substantial and irreparable harm that would befall certain of Debtors' suppliers, if they are not paid in accordance with Debtors' prepetition and ongoing obligations in the ordinary course.

## I.

## THE DEBTORS' BUSINESSES AND MILK PROCUREMENT PRACTICES

5. A detailed history of Debtors' businesses, including the circumstances that led to filing the petition in this case, is set forth in the *Declaration of Gary Rahlfs in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* (the "**Rahlfs Declaration**") filed

contemporaneously herewith. Additional facts relevant to the Critical Vendors Motion, however, are set forth here.

6. The primary raw material used in Dean Foods' products is conventional raw milk (which contains both raw skim milk and butterfat) that is purchased from two main sources: independent family dairy farms (approximately 15% of Debtors' total purchases); and farmers' cooperatives (approximately 85%).

7. <u>Family farms</u>: Dean Foods purchases raw milk from approximately 600 independent family dairy farms ("**family farms**"). Family farms include both large and small family-owned businesses. Dean Foods is the only purchaser to which each of these family farms sells its products and, as such, family farms are wholly reliant on regular payments from Dean Foods.

8. <u>Farmers' cooperatives</u>: Dean Foods also purchases raw milk from farmers' cooperatives ("**farmers' cooperatives**"). The farmers' cooperatives from which Dean Foods purchases raw milk are groups of dairy farmers that market their milk jointly through their cooperative.

9. In general, Dean Foods pays an advance for milk to be supplied in a given month around the 25th day of that month, and then pays the balance owed around the 15th day of the following month. For example, for October 2019, Dean Foods paid advances of $124,172,000 on October 25, 2019, and owes approximately $163,000,000 on November 15 for the balance of the payment owed for milk delivered in October 2019.

II.

**<u>SEVERE AND IRREPARABLE HARM TO DEAN FOODS FROM FAILURE TO PAY FAMILY FARMS AND FARMERS' COOPERATIVES</u>**

10. If Dean Foods does not pay prepetition liabilities to family farms and farmers' cooperatives, Debtors will suffer severe and irreparable harm.

11. Family farms and farmers' cooperatives are heavily reliant on receiving on-time, predictable payments from Dean Foods for their produced milk. Dean Foods is the sole purchaser of milk for all of the family farms that ship their milk directly to Dean Foods as well as the single largest purchaser for some of the farmers' cooperatives from which it purchases milk. Absent prompt payment from Dean Foods, these family farms and farmers' cooperatives will likely see their income streams dry up, destroying their financial livelihoods. Faced with the prospect of financial ruin, they will be forced to try quickly to find alternative outlets for their produced milk, thus depriving Dean Foods of the lifeblood of *its* business. Once they flee in search of alternate buyers, family farms and farmers' cooperatives are unlikely to return to Dean Foods in the future. This risk applies both to potential nonpayment of prepetition liabilities, as well as to payments, on account of post-petition deliveries, that might be delayed until the end of the bankruptcy case absent relief requested in the Critical Vendors Motion.

12. As soon as any family farm or farmers' cooperative stops supplying raw milk to Dean Foods, others will follow. This cascading effect will rapidly cause escalating harm to Dean Foods.

13. Any decrease in supply to Dean Foods on the part of family farms and/or farmers' cooperatives would have a rapid and catastrophic effect on Dean Foods' business. With interrupted milk supply, Dean Foods would be unable to meet its current customers' demands, many of which are contractual in nature and all of which are required to sustain the business.

Dean Foods' customers, which include national corporations such as Wal-Mart, Dollar General, Starbucks, and many others, will almost certainly seek alternative suppliers if, as a result of reduced supply from family farms and farmers' cooperatives, Dean Foods is unable to meet its commitments to these customers. Additionally, if, as expected, family farms and farmers' cooperatives stop supplying Dean Foods on account of nonpayment Dean Foods will be unable to meet its commitments to provide school milk to numerous public and private schools and school districts throughout the country. In all cases, the limited shelf-life of dairy products results in customers (businesses and schools alike) rarely having more than a few days of inventory on hand; they would therefore move rapidly—in some cases, the same day—to find alternative sources for their dairy needs.

14. This precipitous loss in customers would exacerbate dramatically Dean Foods' current financial and liquidity difficulties. Indeed, any hope that assets might be meaningfully preserved for Debtors' stakeholders by way of a sale (or otherwise) would be foreclosed. Put differently, failing to pay family farms and farmers' cooperatives would have a cascading effect, whereby (1) the farmers would cease supplying Dean Foods' most important input, (2) Dean Foods would be unable to fulfill its customers' orders, (3) those customers would quickly seek to have their orders fulfilled elsewhere, and (4) Dean Foods' revenue would dry up, causing irreparable damage to the ongoing viability of the business.

15. It is therefore crucial to Dean Foods' ability to preserve value for its stakeholders that it be permitted to pay moneys owed to family farms and farmers' cooperatives, including prepetition liabilities, promptly as they come due in the ordinary course.

### III.

### SEVERE AND IRREPARABLE HARM TO FAMILY FARMS AND FARMERS' COOPERATIVES FROM FAILURE TO RECEIVE PAYMENT

16. As described above, if Dean Foods does not pay the prepetition liabilities owed to family farms and farmers' cooperatives, many family farms and farmers' cooperatives will suffer severe and irreparable harm. This harm will be borne not only by these businesses, but also by the individuals that rely on them for their livelihoods, and the communities of which they are a vital part.

17. Dean Foods is the sole purchaser of raw milk from approximately 600 family farms. Dean Foods is also the single largest purchaser for some of the farmers' cooperatives from which it purchases milk.

18. Accordingly, many of these farmers are completely reliant on the income stream provided by Dean Foods for their mortgage payments, utility payments, and workforce compensation, among other expenses fundamental to operating a business and providing for their families. Missing even one payment from Dean Foods may cause most of these family farms and some of the farmers' cooperatives to immediately default on such obligations.

19. This financial loss will not only ruin these businesses, but will also be catastrophic for the families that own or whose members are employed by these farms. Many of these farms are small (*i.e.*, they supply milk produced by approximately 25 cows) to medium (*i.e.*, they supply milk produced by approximately 50–300 cows) in size and located across the country. Many, if not most, dairy farmers whose farms collapse due to Dean Foods' failure to pay will find themselves unable to support their families. Their employees, too, will find themselves out of work and struggling for alternative opportunities.

20. The family farms, and farms that comprise farmers' cooperatives, are also critical parts of the communities in which they are based. These farms utilize a myriad of local business services, which are also likely to suffer considerably in the absence of expected income. The effects of the financial harm to these businesses will spread far beyond the confines of each individual farm, including by resulting in diminished tax revenues available to support local schools, hospitals, and emergency services—to say nothing of the damage to the fabric of local communities.

21. Even those farmers that are able to withstand the financial hit of Dean Foods' failure to pay in the short term will, in many cases, be unable to find a comparable replacement purchaser of their dairy products required for the long-term health of these businesses. Many family farms or farmers' cooperatives that survive the loss of the expected payments at issue here in the short term will nonetheless be forced to downsize their businesses and sell portions of their property, if not eventually collapsing altogether in the coming months or years.

22. It is therefore crucial that Dean Foods be permitted to pay moneys owed to these family farms and farmers' cooperatives, including prepetition liabilities, in order to prevent a waterfall effect of financial catastrophe that could irreparably damage the lives of countless farmers, the communities that they indirectly support.

[*Signature page follows*]

I, the undersigned Senior Director of Dairy Procurement of Dean Foods Company, declare under penalty of perjury that the foregoing is true and correct.

Dated: November 12, 2019

                                                */s/ Robert Bruce Matson*
                                                Robert Bruce Matson
                                                Senior Director of Dairy Procurement
                                                Dean Foods Company