

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
11/13/2019

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SOUTHERN FOODS GROUP, LLC, *et al.*, | ) | Case No. 19-36313 (DRJ) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |

### ORDER AUTHORIZING (I) DEBTORS TO (A) PAY PREPETITION EMPLOYEE OBLIGATIONS AND (B) MAINTAIN EMPLOYEE BENEFITS PROGRAMS AND PAY RELATED ADMINISTRATIVE OBLIGATIONS, (II) CURRENT AND FORMER EMPLOYEES TO PROCEED WITH OUTSTANDING WORKERS' COMPENSATION CLAIMS, AND (III) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS
[Relates to Dkt. No. 10]

Upon the motion (the "**Motion**")[2] of Southern Foods Group, LLC, Dean Foods Company, and certain of their affiliates (collectively, the "**Debtors**") for entry of an order, pursuant to sections 105(a), 362(d), 363(b), 363(c), 507(a)(4), 507(a)(5), and 541 of the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southern Foods Group, LLC (1364); Dean Foods Company (9681); Alta-Dena Certified Dairy, LLC (1347); Berkeley Farms, LLC (8965); Cascade Equity Realty, LLC (3940); Country Fresh, LLC (6303); Dairy Information Systems Holdings, LLC (9144); Dairy Information Systems, LLC (0009); Dean Dairy Holdings, LLC (9188); Dean East II, LLC (9192); Dean East, LLC (8751); Dean Foods North Central, LLC (7858); Dean Foods of Wisconsin, LLC (2504); Dean Holding Company (8390); Dean Intellectual Property Services II, Inc. (3512); Dean International Holding Company (9785); Dean Management, LLC (7782); Dean Puerto Rico Holdings, LLC (6832); Dean Services, LLC (2168); Dean Transportation, Inc. (8896); Dean West II, LLC (9190); Dean West, LLC (8753); DFC Aviation Services, LLC (1600); DFC Energy Partners, LLC (3889); DFC Ventures, LLC (4213); DGI Ventures, Inc. (6766); DIPS Limited Partner II (7167); Franklin Holdings, Inc. (8114); Fresh Dairy Delivery, LLC (2314); Friendly's Ice Cream Holdings Corp. (7609); Friendly's Manufacturing and Retail, LLC (9828); Garelick Farms, LLC (3221); Mayfield Dairy Farms, LLC (3008); Midwest Ice Cream Company, LLC (0130); Model Dairy, LLC (7981); Reiter Dairy, LLC (3675); Sampson Ventures, LLC (7714); Shenandoah's Pride, LLC (2858); Steve's Ice Cream, LLC (6807); Suiza Dairy Group, LLC (2039); Tuscan/Lehigh Dairies, Inc. (6774); Uncle Matt's Organic, Inc. (0079); and Verifine Dairy Products of Sheboygan, LLC (7200). The debtors' mailing address is 2711 North Haskell Avenue, Suite 3400, Dallas, TX 75204.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (a) authorizing, but not requiring, the Debtors to (i) pay or cause to be paid, in their sole discretion, all or a portion of the Prepetition Employee Obligations and (ii) unless otherwise set forth herein, continue, in their sole discretion, the Employee Programs, as applicable, as those Employee Programs were in effect as of the Petition Date and as may be modified, terminated, amended, or supplemented from time to time by the Debtors in their sole discretion, and to make payments pursuant to the Employee Programs in the ordinary course of business, as well as to pay related administrative obligations, (b) permitting current and former Employees holding claims under the Workers' Compensation Program to proceed with such claims in the appropriate judicial or administrative fora, and (c) authorizing the Debtors' financial institutions to receive, process, honor, and pay all checks or wire transfers used by Debtors to pay the foregoing, as more fully described in the Motion; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due, proper, and adequate notice of the Motion under Bankruptcy Rule 6004(a) and opportunity for a hearing on the Motion having been given to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the Rahlfs Declaration; and the Court having held a hearing on the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and the Rahlfs Declaration establish just cause for the relief granted

herein; and the Court having found that the relief requested in the Motion being in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and the Court having determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and upon all of the proceedings had before the Court; and all objections to the Motion, if any, having been withdrawn, resolved, or overruled; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Debtors are authorized, but not directed, to (a) pay or cause to be paid, in their sole discretion, all amounts required under or related to the Prepetition Employee Obligations in the ordinary course of business and in accordance with the same practices and procedures as were in effect prior to the Petition Date and (b) continue, in their sole discretion, to pay and honor their obligations arising under or related to the Employee Programs in the ordinary course of business and in accordance with the same practices and procedures as were in effect prior to the Petition Date, as those Employee Programs were in effect as of the Petition Date and as such Employee Programs may be modified, terminated, amended, or supplemented from time to time, in the ordinary course of the Debtors' businesses.

2. Nothing in this Order authorizes any payment subject to section 503(c) of the Bankruptcy Code, and nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

3. Nothing in this Order authorizes the Debtors to make any payment on account of the LTIP to "insiders" of the Debtors (as that term is defined in section 101(31) of the

Bankruptcy Code), and nothing herein shall prejudice the Debtors' ability to seek approval of such payments at a later time.

4. Debtors shall not (a) honor any Prepetition Employee Obligations to any individual that exceeds the priority amounts set forth in sections 507(a)(4) (excluding PTO Obligations for which the Debtors shall satisfy over a reasonable period of time (when taking into account the Debtors' industry and competitors) through (i) time off and/or (ii) limited cash payments that shall not exceed such priority amount without an order from this Court) and 507(a)(5) of the Bankruptcy Code nor (b) pay any amounts to "insiders" of the Debtors (as that term is defined in section 101(31) of the Bankruptcy Code) under any bonus, incentive, or retention plan without seeking authority from the Court; *provided* that the Debtors shall be authorized to pay any and all prepetition and post-petition Health and Welfare Plan Obligations arising from, in connection with, or related to the Medical and Dental Plans.

5. The Debtors are authorized, but not required, to (a) continue, in their sole discretion, utilizing third parties for certain services as described in the Motion and to pay or cause to be paid such claims as and when such obligations are due and (b) pay, in their sole discretion, prepetition amounts owing in the ordinary course of business to third parties in connection with administering and maintaining the Employee Programs.

6. (a) The automatic stay is modified solely to the extent necessary to allow current and former Employees to proceed with claims under the Workers' Compensation Program in the appropriate judicial or administrative fora and (b) the notice requirements under Bankruptcy Rule 4001(d) with respect to (a) above are waived.

7. The Debtors shall maintain a matrix/schedule of amounts paid related to the Prepetition Employee Obligations made pursuant to this Order, including the following

information: (a) the date and amount of the payment; (b) the category or type of payment, as further described and classified in the Motion; and (c) the Debtor or Debtors that made the payment. The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee, any official committee appointed in the Chapter 11 Cases, and the DIP Agent (as defined in the DIP Order (as defined below)) monthly on the date it files its monthly operating report.

8. The Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions in connection with any shared services or intercompany agreements relating to the Employee Programs may be readily ascertained, traced, and recorded properly and the Debtors, upon request, should provide reasonable access to such records to the U.S. Trustee, any official committee appointed in the Chapter 11 Cases, and the DIP Agent.

9. The Debtors will provide notice to the U.S. Trustee, any official committee appointed in the Chapter 11 Cases, and the DIP Agent of any material changes to the Employee Programs or of any new programs, policies, and benefits.

10. All applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay any and all checks, drafts, wires, check transfer requests, or automated clearing house transfers evidencing amounts paid by the Debtors under this Order whether presented prior to, on, or after the Petition Date. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

11. The Debtors are authorized, but not required, to issue, in their sole discretion, new post-petition checks, or effect new fund transfers, for the Prepetition Employee Obligations to replace any prepetition checks or fund transfer requests that may be dishonored or rejected and to

reimburse their Employees or the applicable payee, as the case may be, for any fees or costs incurred by them in connection with a dishonored or voided check or funds transfer.

12. Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

13. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

14. Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the validity of any claim against the Debtors on any ground, (b) a grant of third party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute any claim on any grounds, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

15. Notwithstanding anything to the contrary in this Order, in the event of any inconsistency between the terms of this Order and the terms of (a) any order of this Court approving the debtor-in-possession financing facility and use of cash collateral (the "**DIP Order**"), including, without limitation, any budget in connection therewith, or (b) any order approving the Debtors' continued performance under their securitization facility (the

"**Securitization Order**"), the terms of the DIP Order or the Securitization Order, as applicable, shall govern.

16. The requirements of Bankruptcy Rule 6003 are satisfied by the contents of the Motion.

17. Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

18. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

19. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**SIGNED: November 13, 2019.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**