

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SOUTHERN FOODS GROUPS, LLC, *et al.*, | ) | Case No. 19-36313 (DRJ) |
|  | ) |  |
| Debtors.[1] | ) | Jointly Administered |
|  | ) |  |

**ORDER APPROVING PROCEDURES FOR (I) THE SALE
OF DE MINIMIS ASSETS FREE AND CLEAR OF LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES AND (II) THE
ABANDONMENT OF CERTAIN OF THE DEBTORS' PROPERTY**
(Docket No. 341)

Upon the motion (the "**Motion**")[2] of Southern Foods Group, LLC, Dean Foods Company, and certain of their affiliates (collectively, the "**Debtors**") for entry of an order, pursuant to sections 105(a), 363, and 554 of title 11 of the United States Code (the "**Bankruptcy Code**") and Bankruptcy Rules 6004 and 6007, authorizing the Debtors to sell and/or abandon De Minimis

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southern Foods Group, LLC (1364); Dean Foods Company (9681); Alta-Dena Certified Dairy, LLC (1347); Berkeley Farms, LLC (8965); Cascade Equity Realty, LLC (3940); Country Fresh, LLC (6303); Dairy Information Systems Holdings, LLC (9144); Dairy Information Systems, LLC (0009); Dean Dairy Holdings, LLC (9188); Dean East II, LLC (9192); Dean East, LLC (8751); Dean Foods North Central, LLC (7858); Dean Foods of Wisconsin, LLC (2504); Dean Holding Company (8390); Dean Intellectual Property Services II, Inc. (3512); Dean International Holding Company (9785); Dean Management, LLC (7782); Dean Puerto Rico Holdings, LLC (6832); Dean Services, LLC (2168); Dean Transportation, Inc. (8896); Dean West II, LLC (9190); Dean West, LLC (8753); DFC Aviation Services, LLC (1600); DFC Energy Partners, LLC (3889); DFC Ventures, LLC (4213); DGI Ventures, Inc. (6766); DIPS Limited Partner II (7167); Franklin Holdings, Inc. (8114); Fresh Dairy Delivery, LLC (2314); Friendly's Ice Cream Holdings Corp. (7609); Friendly's Manufacturing and Retail, LLC (9828); Garelick Farms, LLC (3221); Mayfield Dairy Farms, LLC (3008); Midwest Ice Cream Company, LLC (0130); Model Dairy, LLC (7981); Reiter Dairy, LLC (3675); Sampson Ventures, LLC (7714); Shenandoah's Pride, LLC (2858); Steve's Ice Cream, LLC (6807); Suiza Dairy Group, LLC (2039); Tuscan/Lehigh Dairies, Inc. (6774); Uncle Matt's Organic, Inc. (0079); and Verifine Dairy Products of Sheboygan, LLC (7200). The debtors' mailing address is 2711 North Haskell Avenue, Suite 3400, Dallas, TX 75204.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Assets[3] and to pay those reasonable and necessary fees and expenses (if any) incurred in connection with the sale or abandonment of De Minimis Assets, as more fully described in the Motion; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due, proper, and adequate notice of the Motion and opportunity for objection to and a hearing on the Motion having been given to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing (if any) establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion being in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Procedures are hereby approved and may be implemented by the Debtors, in their sole discretion, in the Chapter 11 Cases.

---

[3] "**De Minimis Assets**" shall herein refer to (i) certain obsolete, surplus, burdensome, or otherwise expendable assets having a Sale Price (as defined below) of $6,000,000 or less, and (ii) any de minimis assets where a sale cannot be consummated at a price greater than the costs of such sale (taking into account costs of, among other things, interim storage, shipping, and marketing). For the avoidance of doubt, to the extent the Procedures as set forth in this Order differ from those set forth in the Motion, the terms of this Order shall govern.

2.	For purposes of the Procedures, the net benefit estimated by the Debtors (in consultation with the Committee, the DIP Counsel (as defined below), and the Ad Hoc Counsel (as defined below)) to be realized by the Debtors' estates shall constitute the "**Sale Price**."[4] The net benefit is the amount of cash consideration or fair market value of non-cash consideration estimated to be received by the Debtors, *plus* the amount of any liabilities to be assumed by the purchaser (to the extent quantifiable or reasonably estimable, as determined by the Debtors (in consultation with the Committee, the DIP Counsel, and the Ad Hoc Counsel)), *less* expenses to be incurred in connection with the sale, offsets, or other deductions (to the extent quantifiable or reasonably estimable, as determined by the Debtors (in consultation with the Committee, the DIP Counsel, and the Ad Hoc Counsel)).  The Sale Price shall be determined without consideration as to whether the property for sale is free and clear of all liens, claims, interests, and encumbrances.

3.	The Debtors may consummate the sale or abandonment of a De Minimis Asset under the Procedures when the Debtors determine (in consultation with the Committee, the DIP Counsel, and the Ad Hoc Counsel) that such sale or abandonment is in the best interests of the Debtors' estates; provided, that notwithstanding anything contained in this Order or the Procedures to the contrary, to the extent practicable, the Debtors shall provide the Committee, the DIP Counsel, and the Ad Hoc Counsel with no less than seven days' advance notice of any potential sale to be consummated pursuant to the Procedures.  For the avoidance of doubt, the Procedures apply solely to asset sales that are not sales conducted in the ordinary course of the Debtors' businesses.

---

[4] Solely for the purposes of the Procedures and the calculation of the Sale Price, entry into a series of related sales within any given 30-day period between any of the Debtors, on the one hand, and any given counterparty and/or such counterparty's affiliate(s), on the other hand, shall be deemed to be entry into a single sale.

4. Notwithstanding anything to the contrary herein or in the Motion, any De Minimis Asset sold or abandoned pursuant to the Procedures cannot be a De Minimis Asset that is currently in use by the Debtors in the operation of their businesses; *provided, however*, that a De Minimis Asset that is currently in use by the Debtors in the operation of their businesses can be sold pursuant to the Procedures if it is being sold with the intent of applying all or substantially all of the sale proceeds to replace or upgrade such De Minimis Asset.

5. If the Sale Price for the sale of a De Minimis Asset is less than or equal to $500,000, the following Procedures shall be followed:

   a. The Debtors shall give written notice to the Notice Parties (defined below), substantially in the form attached to the Motion (the "**Sale Notice**"), at least seven calendar days before closing, specifying (i) the De Minimis Assets to be sold, (ii) the Debtor that directly owns the De Minimis Assets, (iii) the identity of the purchaser, (iv) the identity of parties known to the Debtors as holding Liens on the De Minimis Assets, (v) any commissions to be paid to third parties (such as brokers), and (vi) the proposed purchase price. The Debtors shall serve the Sale Notice only on the following parties: (i) the U.S. Trustee; (ii) White & Case LLP, as counsel to Coöperatieve Rabobank U.A., New York Branch, the administrative agent under the Debtors' prepetition receivables purchase agreement, the administrative agent under the Debtors' prepetition secured revolving credit facility, and the administrative agent under the Debtors' proposed post-petition financing facility (the "**DIP Counsel**"); (iii) indenture trustee under the Debtors' prepetition unsecured bond indenture; (iv) Mayer Brown LLP, as counsel to PNC Bank, National Association, the co-agent under Debtors' prepetition receivables purchase agreement; (v) Paul, Weiss, Rifkind, Wharton & Garrison LLP, as counsel to an ad hoc group of prepetition unsecured noteholders (the "**Ad Hoc Counsel**"); (vi) Akin Gump Strauss Hauer & Feld, as counsel to the Committee; (vii) United States' Attorney Office, and Department of Justice, ENRD on behalf of US Environmental Protection Agency; and (viii) any person or entity with a particularized interest in the De Minimis Assets to be sold, including any known creditor asserting a lien, claim, interest, or encumbrance on such De Minimis Assets (collectively, the "**Notice Parties**").

   b. If any of the Notice Parties, formally or informally, objects to the sale of such De Minimis Asset (a "**Notice Party Objection**"), the De Minimis Asset may not be sold without resolution of the Notice Party Objection or further order of the Court.

6. If the Sale Price for the sale of a De Minimis Asset is greater than $500,000 and less than or equal to $6,000,000, the following Procedures shall be followed:

4

a. The Debtors shall file with Court a Sale Notice and serve such Sale Notice on the Notice Parties, at least ten calendar days before closing.

b. Parties in interest will have ten calendar days after the service of a Sale Notice (the "**Sale Objection Deadline**") to object to a proposed sale of De Minimis Assets. After the expiration of the Sale Objection Deadline, the Debtors may immediately sell the De Minimis Assets listed in the Sale Notice and take any actions and execute any agreements or other documentation that are necessary or desirable to close the transaction and obtain the sale proceeds. Any such transactions shall be deemed, without the need for any action by any party, final and fully authorized by the Court and may be deemed, as provided in the documentation governing the application transaction, final and free and clear of all Liens with such Liens attaching only to the proceeds of such transactions with the same validity, extent, and priority as immediately prior to the transaction. Further, good faith purchasers of assets pursuant to these Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

c. If any party in interest wishes to object to a proposed sale of De Minimis Assets, such party must (i) file a written objection (each, an "**Objection**") with the Court on or before the Sale Objection Deadline and (ii) serve the Objection on the Debtors and each of the other Notice Parties so that it is actually received by such parties on or before the Sale Objection Deadline. Any such Objection shall identify, with specificity, the basis for such Objection. If an Objection is timely received and filed and cannot be resolved by the Debtors and the objecting parties, the De Minimis Asset that is the subject of the Objection will not be sold except upon order of the Court; *provided*, *however*, that any De Minimis Asset set forth in the Sale Notice that is not the subject of an Objection may be immediately sold in accordance with paragraph (b).

d. If the terms of a proposed sale or transfer are materially amended after transmittal of the Sale Notice but prior to the Sale Objection Deadline, the Debtors will send a revised Sale Notice to the Notice Parties. The Sale Objection Deadline will be extended such that the Notice Parties will have ten calendar days after the service of such revised Sale Notice to object to such sale in accordance with the Procedures.

7. If the Sale Price for the sale of a De Minimis Asset is greater than $6,000,000, the Debtors shall file a motion with the Court requesting approval of the sale pursuant to section 363 of the Bankruptcy Code, among other applicable provisions.

8. The Debtors shall be permitted to compensate any broker or other party engaged by the Debtors in connection with any abandonment, sale, or attempted sale of De Minimis Assets; *provided*, *however*, that the Debtors shall include in the Sale Notice details relating to the anticipated broker or third party fees, and if an Objection to the payment of any broker's or other

5

party's fees is timely received and filed by the Sale Objection Deadline or Abandonment Objection Deadline, then the portion of such broker's fees to which the Objection is directed shall not be paid until such Objection is consensually resolved or until the Court approves such payment.

9. The Procedures satisfy section 363(f) of the Bankruptcy Code and any De Minimis Asset sold pursuant to the Procedures shall be free and clear of all liens, claims, interests, and encumbrances.

10. Any holder of a lien, claim, interest, or encumbrance on any De Minimis Assets to be sold, with a Sale Price greater than $500,000 and less than or equal to $6,000,000, will receive a Sale Notice and will have an opportunity to object to any sale in which it claims an interest. If a holder of a lien, claim, interest, or encumbrance receives the Sale Notice and does not object within the prescribed time period, then such holder will be deemed to have consented to the proposed sale and the property may then be sold free and clear of the holder's interests pursuant to section 363(f) of the Bankruptcy Code, with any such liens, claims, interests, or encumbrances to be, at the Debtors' sole discretion, either (a) satisfied from the proceeds of the sale or (b) transferred and attached to the net sale proceeds in the same order of priority that such liens, claims, interests, or encumbrances had on the De Minimis Assets sold.

11. Those who purchase De Minimis Assets in accordance with the Procedures shall be afforded the protections under section 363(m) of the Bankruptcy Code.

12. If the estimated gross proceeds[5] of the De Minimis Asset to be abandoned are less than or equal to $500,000, the following procedures shall be followed:

    a. The Debtors shall give written notice of the proposed abandonment substantially in the form attached to the Motion (the "**Abandonment Notice**") to the Notice

---

[5] Solely for the purposes of the Procedures and the estimation of gross proceeds, entry into a series of related abandonments within any given 30-day period to any given counterparty and/or such counterparty's affiliate(s) shall be deemed a single abandonment.

Parties, at least seven calendar days before such De Minimis Assets are abandoned, specifying (i) a description in reasonable detail of the property to be abandoned, (ii) the Debtor that owns the De Minimis Asset, (iii) the reason for the abandonment, (iv) the parties known to the Debtors as having an interest in the property to be abandoned, and (v) the entity to which the personal property is to be abandoned, if any.

  b. If any of the Notice Parties, formally or informally, objects to the abandonment of the De Minimis Asset, the De Minimis Asset may not be abandoned without resolution of the Notice Party Objection or order from the Court.

13. If the estimated gross proceeds of the De Minimis Asset to be abandoned are greater than 500,000 and less than or equal to $2,500,000, the following Procedures shall be followed:

  a. The Debtors shall file with Court an Abandonment Notice and serve such Abandonment Notice on the Notice Parties, at least ten calendar days before closing.

  b. Parties in interest will have ten calendar days after the service of an Abandonment Notice (the "**Abandonment Objection Deadline**") to object to a proposed abandonment of De Minimis Assets. After the expiration of the Abandonment Objection Deadline, the Debtors may immediately abandon the De Minimis Assets listed in the Abandonment Notice and take any actions and execute any agreements or other documentation that are necessary or desirable to abandon the subject property.

  c. If any party in interest wishes to object to a proposed abandonment of De Minimis Assets, such party must (i) file an Objection with the Court on or before the Abandonment Objection Deadline and (ii) serve the Objection on the Debtors and each of the other Notice Parties so that it is actually received by such parties on or before the Abandonment Objection Deadline. Any such Objection shall identify, with specificity, the basis for such Objection. If an Objection is timely received and filed and cannot be resolved by the Debtors and the objecting party, the De Minimis Asset that is the subject of the Objection will not be abandoned except upon order of the Court; *provided*, *however*, that any De Minimis Asset set forth in the applicable Abandonment Notice that is not the subject of an Objection may immediately be abandoned in accordance with paragraph (b).

14. If the estimated gross proceeds of the De Minimis Asset to be abandoned are greater than $2,500,000, the Debtors shall file a motion with the Court requesting approval of the abandonment pursuant to section 554 of the Bankruptcy Code, among other provisions.

15. The Debtors shall not abandon De Minimis Assets pursuant to the Procedures where the abandonment would pose an environmental hazard or where a serious risk to the public is likely to result.

16. For each calendar quarter, beginning with the calendar quarter ending on March 31, 2020, the Debtors shall file with the Court and serve the Notice Parties and parties in interest who have requested a copy, within 30 days after such calendar quarter, a written report detailing (a) the identity and purchase price of each De Minimis Asset sold during such calendar quarter and the identity of the parties to such sales, and (b) the identity of each De Minimis Asset abandoned during such calendar quarter and the identity of the parties to such abandonments (as applicable); provided, however, that the foregoing reporting obligations shall cease upon the confirmation of a chapter 11 plan in the Chapter 11 Cases.

17. Notwithstanding anything to the contrary in this Order, in the event of any inconsistency between the terms of this Order and the terms of (a) any order of this Court approving the debtor-in-possession financing facility and use of cash collateral (the "**DIP Order**"), including, without limitation, any budget in connection therewith, or (b) any order approving the Debtors' continued performance under their securitization facility (the "**Securitization Order**"), the terms of the DIP Order or the Securitization Order, as appropriate, shall govern. Furthermore, any sales consummated pursuant to this Order shall be subject to (and in compliance with) the applicable provisions of the DIP Credit Agreement (as defined in the DIP Order), including Section 2.11 (Prepayment of Loans).

18. Notwithstanding anything to the contrary contained herein, (a) the Procedures shall not be used to sell the non-residential real property lease between O ICE, LLC and Friendly's Manufacturing and Retail, LLC, dated August 30, 2007 (as amended), and (b) none of the Debtors' insurance policies and/or any related agreements shall be sold, assigned, or otherwise transferred pursuant to any transaction under the Procedures except in compliance with the terms of such insurance policies, any related agreements, and/or applicable non-bankruptcy law.

```
```

19.     Nothing herein shall impair the Debtors' ability to conduct their businesses in the ordinary course of business without seeking approval of the Court.

20.     The Procedures satisfy Bankruptcy Rules 2002 and 6007.

21.     Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

22.     The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

23.     The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed:  December 20, 2019.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

**Notice of Sale**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
<u>HOUSTON DIVISION</u>**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SOUTHERN FOODS GROUPS, LLC, *et al.*, | ) ) ) | Case No. 19-36313 (DRJ) |
| Debtors.[1] | ) ) ) | Jointly Administered |

**NOTICE OF SALE OF CERTAIN OF THE DEBTORS' DE MINIMIS ASSETS
FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that, on December [•], 2019, the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") entered the attached order (the "**Order**") granting approval of certain procedures (the "**Procedures**") for (i) the sale of certain *de minimis* assets ("**De Minimis Assets**") free and clear of all liens, claims, interests, and encumbrances and (ii) the abandonment of certain De Minimis Assets [D.I. [•]] in the chapter 11 cases of Southern Foods Group, LLC, Dean Foods Company, and certain of their affiliates that are debtors and debtors in possession in the chapter 11 cases (collectively, the "**Debtors**").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, unless a written objection ("**Objection**") is filed with the Court and served in the manner provided for in the Order by _____ _____, 2020, the De Minimis Assets

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southern Foods Group, LLC (1364); Dean Foods Company (9681); Alta-Dena Certified Dairy, LLC (1347); Berkeley Farms, LLC (8965); Cascade Equity Realty, LLC (3940); Country Fresh, LLC (6303); Dairy Information Systems Holdings, LLC (9144); Dairy Information Systems, LLC (0009); Dean Dairy Holdings, LLC (9188); Dean East II, LLC (9192); Dean East, LLC (8751); Dean Foods North Central, LLC (7858); Dean Foods of Wisconsin, LLC (2504); Dean Holding Company (8390); Dean Intellectual Property Services II, Inc. (3512); Dean International Holding Company (9785); Dean Management, LLC (7782); Dean Puerto Rico Holdings, LLC (6832); Dean Services, LLC (2168); Dean Transportation, Inc. (8896); Dean West II, LLC (9190); Dean West, LLC (8753); DFC Aviation Services, LLC (1600); DFC Energy Partners, LLC (3889); DFC Ventures, LLC (4213); DGI Ventures, Inc. (6766); DIPS Limited Partner II (7167); Franklin Holdings, Inc. (8114); Fresh Dairy Delivery, LLC (2314); Friendly's Ice Cream Holdings Corp. (7609); Friendly's Manufacturing and Retail, LLC (9828); Garelick Farms, LLC (3221); Mayfield Dairy Farms, LLC (3008); Midwest Ice Cream Company, LLC (0130); Model Dairy, LLC (7981); Reiter Dairy, LLC (3675); Sampson Ventures, LLC (7714); Shenandoah's Pride, LLC (2858); Steve's Ice Cream, LLC (6807); Suiza Dairy Group, LLC (2039); Tuscan/Lehigh Dairies, Inc. (6774); Uncle Matt's Organic, Inc. (0079); and Verifine Dairy Products of Sheboygan, LLC (7200). The debtors' mailing address is 2711 North Haskell Avenue, Suite 3400, Dallas, TX 75204.

2

listed on <u>Appendix A</u> attached hereto will be sold free and clear of all liens, claims, encumbrances, or interests pursuant to, among other provisions, section 363 of title 11 of the United States Code, in accordance with the Order.

**PLEASE TAKE FURTHER NOTICE** that, if an Objection is timely filed and served in accordance with the Order, the Debtors and the objecting party will use good faith efforts to resolve the Objection. If the Debtors and the objecting party are unable to consensually resolve the Objection, the Debtors shall not proceed with the sale of the De Minimis Assets that are the subject of the Objection pursuant to the Procedures, but may seek Court approval of the proposed transaction.

*[Remainder of page intentionally left blank]*

Dated: [     ], 2019
Houston, Texas

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

/s/
William R. Greendyke (SBT 08390450)
Jason L. Boland (SBT 24040542)
Robert B. Bruner (SBT 24062637)
Julie Goodrich Harrison (SBT 24092434)
1301 McKinney Street, Suite 5100
Houston, Texas 77010-3095
Tel.: (713) 651-5151
Fax: (713) 651-5246
william.greendyke@nortonrosefulbright.com
jason.boland@nortonrosefulbright.com
bob.bruner@nortonrosefulbright.com
julie.harrison@nortonrosefulbright.com

-*and*-

**DAVIS POLK & WARDWELL LLP**

Brian M. Resnick (admitted *pro hac vice*)
Steven Z. Szanzer (admitted *pro hac vice*)
Nate Sokol (admitted *pro hac vice*)
Daniel E. Meyer (admitted *pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Fax: (212) 701-5800
brian.resnick@davispolk.com
steven.szanzer@davispolk.com
nathaniel.sokol@davispolk.com
daniel.meyer@davispolk.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**APPENDIX A**

| Assets(s) to be Sold | Name and Address of Purchaser | Proposed Purchase Price and Commissions to Third Parties | Net Benefits Calculation Constituting the Sale Price | Location of Assets to be Sold | Location of Sale (if different than location of Assets) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Notice of Abandonment**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
<u>HOUSTON DIVISION</u>

| | |
|---|---|
| In re: | Chapter 11 |
| SOUTHERN FOODS GROUPS, LLC, *et al.*, | Case No. 19-36313 (DRJ) |
| Debtors.[1] | Jointly Administered |

**NOTICE OF ABANDONMENT OF CERTAIN OF
THE DEBTORS' DE MINIMIS ASSETS PURSUANT TO
<u>SECTION 554(a) OF THE BANKRUPTCY CODE</u>**

    **PLEASE TAKE NOTICE** that, on December [•], 2019, the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") entered the attached order (the "**Order**") granting approval of certain procedures (the "**Procedures**") for (i) the sale of certain *de minimis* assets ("**De Minimis Assets**") free and clear of all liens, claims, interests, and encumbrances and (ii) the abandonment of certain De Minimis Assets [D.I. [•]] in the chapter 11 cases of Southern Foods Group, LLC, Dean Foods Company, and certain of their affiliates that are debtors and debtors in possession in the chapter 11 cases (collectively, the "**Debtors**").

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, unless a written objection ("**Objection**") is filed with the Court and served in the manner required by the Order by _____ _____, 2020, the De Minimis Assets

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southern Foods Group, LLC (1364); Dean Foods Company (9681); Alta-Dena Certified Dairy, LLC (1347); Berkeley Farms, LLC (8965); Cascade Equity Realty, LLC (3940); Country Fresh, LLC (6303); Dairy Information Systems Holdings, LLC (9144); Dairy Information Systems, LLC (0009); Dean Dairy Holdings, LLC (9188); Dean East II, LLC (9192); Dean East, LLC (8751); Dean Foods North Central, LLC (7858); Dean Foods of Wisconsin, LLC (2504); Dean Holding Company (8390); Dean Intellectual Property Services II, Inc. (3512); Dean International Holding Company (9785); Dean Management, LLC (7782); Dean Puerto Rico Holdings, LLC (6832); Dean Services, LLC (2168); Dean Transportation, Inc. (8896); Dean West II, LLC (9190); Dean West, LLC (8753); DFC Aviation Services, LLC (1600); DFC Energy Partners, LLC (3889); DFC Ventures, LLC (4213); DGI Ventures, Inc. (6766); DIPS Limited Partner II (7167); Franklin Holdings, Inc. (8114); Fresh Dairy Delivery, LLC (2314); Friendly's Ice Cream Holdings Corp. (7609); Friendly's Manufacturing and Retail, LLC (9828); Garelick Farms, LLC (3221); Mayfield Dairy Farms, LLC (3008); Midwest Ice Cream Company, LLC (0130); Model Dairy, LLC (7981); Reiter Dairy, LLC (3675); Sampson Ventures, LLC (7714); Shenandoah's Pride, LLC (2858); Steve's Ice Cream, LLC (6807); Suiza Dairy Group, LLC (2039); Tuscan/Lehigh Dairies, Inc. (6774); Uncle Matt's Organic, Inc. (0079); and Verifine Dairy Products of Sheboygan, LLC (7200). The debtors' mailing address is 2711 North Haskell Avenue, Suite 3400, Dallas, TX 75204.

2

listed on Appendix A attached hereto will be abandoned pursuant to, among other provisions, section 554(a) of title 11 of the United States Code, in accordance with the Order.

**PLEASE TAKE FURTHER NOTICE** that, if an Objection is timely filed and served in accordance with the Order, the Debtors and the objecting party will use good faith efforts to resolve the Objection. If the Debtors and the objecting party are unable to consensually resolve the Objection, the Debtors shall not proceed with the abandonment of the De Minimis Assets that are the subject of the Objection pursuant to the Procedures, but may seek Court approval of the proposed abandonment.

*[Remainder of page intentionally left blank]*

Dated: [     ], 2019
      Houston, Texas

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

/s/ 
William R. Greendyke (SBT 08390450)
Jason L. Boland (SBT 24040542)
Robert B. Bruner (SBT 24062637)
Julie Goodrich Harrison (SBT 24092434)
1301 McKinney Street, Suite 5100
Houston, Texas 77010-3095
Tel.: (713) 651-5151
Fax: (713) 651-5246
william.greendyke@nortonrosefulbright.com
jason.boland@nortonrosefulbright.com
bob.bruner@nortonrosefulbright.com
julie.harrison@nortonrosefulbright.com

-*and*-

**DAVIS POLK & WARDWELL LLP**

Brian M. Resnick (admitted *pro hac vice*)
Steven Z. Szanzer (admitted *pro hac vice*)
Nate Sokol (admitted *pro hac vice*)
Daniel E. Meyer (admitted *pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Fax: (212) 701-5800
brian.resnick@davispolk.com
steven.szanzer@davispolk.com
nathaniel.sokol@davispolk.com
daniel.meyer@davispolk.com

*Proposed Counsel to the Debtors and Debtors in Possession*

3

**APPENDIX A**

| Property to be Abandoned | Reason for Abandonment | Gross Proceeds Calculation | Known Parties Asserting an Interest in Property Proposed to be Abandoned | Name and Address of Entity to Which Property is to be Abandoned | Location of Property to be Abandoned |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |