

**ENTERED**
**12/20/2019**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# <u>HOUSTON DIVISION</u>

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SOUTHERN FOODS GROUP, LLC, *et al.*, | ) | Case No. 19-36313 (DRJ) |
|  | ) |  |
| Debtors.[1] | ) | Jointly Administered |
|  | ) |  |

## ORDER (I) AUTHORIZING THE (A) SALES OF CERTAIN DISCRETE NONCORE ASSETS AND (B) PAYMENT OF RELATED COMMISSIONS AND (II) GRANTING RELATED RELIEF
(Docket No. 342)

Upon the motion (the "**Motion**")[2] of Southern Foods Group, LLC, Dean Foods Company, and certain of their affiliates (collectively, the "**Debtors**"), for entry of an order, pursuant to sections 363 and 105(a) of the Bankruptcy Code, Bankruptcy

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows:  Southern Foods Group, LLC (1364); Dean Foods Company (9681); Alta-Dena Certified Dairy, LLC (1347); Berkeley Farms, LLC (8965); Cascade Equity Realty, LLC (3940); Country Fresh, LLC (6303); Dairy Information Systems Holdings, LLC (9144); Dairy Information Systems, LLC (0009); Dean Dairy Holdings, LLC (9188); Dean East II, LLC (9192); Dean East, LLC (8751); Dean Foods North Central, LLC (7858); Dean Foods of Wisconsin, LLC (2504); Dean Holding Company (8390); Dean Intellectual Property Services II, Inc. (3512); Dean International Holding Company (9785); Dean Management, LLC (7782); Dean Puerto Rico Holdings, LLC (6832); Dean Services, LLC (2168); Dean Transportation, Inc. (8896); Dean West II, LLC (9190); Dean West, LLC (8753); DFC Aviation Services, LLC (1600); DFC Energy Partners, LLC (3889); DFC Ventures, LLC (4213); DGI Ventures, Inc. (6766); DIPS Limited Partner II (7167); Franklin Holdings, Inc. (8114); Fresh Dairy Delivery, LLC (2314); Friendly's Ice Cream Holdings Corp. (7609); Friendly's Manufacturing and Retail, LLC (9828); Garelick Farms, LLC (3221); Mayfield Dairy Farms, LLC (3008); Midwest Ice Cream Company, LLC (0130); Model Dairy, LLC (7981); Reiter Dairy, LLC (3675); Sampson Ventures, LLC (7714); Shenandoah's Pride, LLC (2858); Steve's Ice Cream, LLC (6807); Suiza Dairy Group, LLC (2039); Tuscan/Lehigh Dairies, Inc. (6774); Uncle Matt's Organic, Inc. (0079); and Verifine Dairy Products of Sheboygan, LLC (7200).  The debtors' mailing address is 2711 North Haskell Avenue, Suite 3400, Dallas, TX 75204.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Rules 6004 and 2002(a)(2), authorizing the Debtors to sell the Assets[3] to the Purchasers pursuant to the Prepetition Sale Agreements and to pay the related Broker Commissions; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due, proper, and adequate notice of the Motion under Bankruptcy Rule 6004(a) and opportunity for objection to and a hearing on the Motion having been given to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the Rahlfs Sale Declaration; and the Court having the opportunity to hold a hearing on the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and the Rahlfs Sale Declaration and at the hearing establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion being in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and upon all of the proceedings had before the Court; and all objections to the Motion, if any, having been withdrawn, resolved, or overruled; and after due deliberation and sufficient cause appearing therefor,

---

[3] As the Debtors have withdrawn their request for authorization to sell the Braselton Assets pursuant to this Order, the term "Assets" herein shall refer only to the Huntley Assets and the Lynn Assets.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. Pursuant to section 363(b) of the Bankruptcy Code, each of the Debtors is hereby authorized (but not directed) to perform, consummate, and implement the 363 Sales, as applicable, together with all additional instruments and documents that may be reasonably necessary or desirable to sell the Assets at the respective Asset Purchase Prices pursuant to the respective Prepetition Sale Agreements, and to take any and all further actions as may be necessary or appropriate to the performance of its obligations as contemplated by this Order, including paying any expenses or costs that are required to be paid in order to consummate the 363 Sales contemplated by this Order or to perform its obligations under any agreement related thereto.

2. The Prepetition Sale Agreements for the 363 Sales are hereby approved, and such purchase agreements and any related agreements, documents, or instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof, without further order of the Court, so long as any such modification, amendment, or supplement does not have a material adverse effect on the Debtors' estates; *provided, however*, notwithstanding anything to the contrary herein, the Debtors shall provide the Committee and the DIP Counsel[4] with three business days' advance written notice (or such notice as soon as is reasonably practicable) of any material modifications, amendments, or supplements. The Debtors are authorized to take all actions necessary to conclude the 363 Sales, including, without limitation, filing of documents with any applicable state or local governmental authorities.

---

[4] "**DIP Counsel**" shall herein refer to White & Case LLP, as counsel to Coöperatieve Rabobank U.A., New York Branch, the administrative agent under the Debtors' prepetition receivables purchase agreement, the administrative agent under the Debtors' prepetition secured revolving credit facility, and the administrative agent under the Debtors' proposed post-petition financing facility.

3. Pursuant to section 363 of the Bankruptcy Code, the Debtors have exercised sound business judgment in connection with the 363 Sales. The Asset Purchase Prices are fair and reasonable. None of the Debtors nor the Purchasers have engaged in any conduct that would cause the 363 Sales to be avoided, or damages or costs to be imposed, under section 363(n) of the Bankruptcy Code. The Purchasers are each good faith purchasers as provided in section 363(m) of the Bankruptcy Code.

4. Pursuant to sections 363(f) and 105(a) of the Bankruptcy Code, upon the closing of each of the 363 Sales, the applicable Assets shall be transferred, sold, and delivered to the applicable Purchaser free and clear of all liens, claims, and interests (regardless of whether such interests have been asserted, filed or otherwise exist by virtue of any applicable laws). All valid, perfected, and enforceable liens and claims that existed against the Assets prior to the closings of such 363 Sales, including, without limitation, the DIP Liens, the Permitted Liens, Prepetition Liens, and the Adequate Protection Liens (each as defined in the DIP Order[5]), shall attach to the applicable sale proceeds that the Debtors receive under the applicable 363 Sale (subject to the terms and conditions set forth in the DIP Order, this Order, or other applicable order of the Court, including without limitation, and the Carve-Out (as defined in the DIP Order)). Those liens and claims will attach to the proceeds of the applicable 363 Sales in the same order of relative priority and with the same validity, force, and effect that the holder of such lien or claim had against the applicable Assets prior to the closings of the 363 Sales

---

[5] "**DIP Order**" means the *Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552 and Rules 2002, 4001, 6003, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing, and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, (IvIV) Scheduling a Final Hearing, and (V) Granting Related Relief* [D.I. 133] (the "**Interim DIP Order**") or any order approving the DIP Facility (as defined in the Interim DIP Order) on a final basis.

(including, for the avoidance of doubt, as set forth in the DIP Order), and will be subject to any claims and defenses the Debtors may possess with respect thereto. The interests of the holders of such liens or claims are being adequately protected pursuant to the provisions of this Order by having their liens or claims, if any, in each instance against the Debtors, their estates, or any of the Assets, attach to the proceeds of the 363 Sales ultimately attributable to the Assets in which such creditor or interest holder alleges an interest, in the same order of priority and with the same validity, force, and effect that such creditor or interest holder had prior to the 363 Sales, subject to any claims and defenses the Debtors and their estates may possess with respect thereto.

5. The Debtors are hereby authorized (but not directed) to sell the respective Assets to the respective Purchasers at the respective Asset Purchase Prices pursuant to the respective Prepetition Sale Agreements.

6. The 363 Sales at the respective Asset Purchase Prices and pursuant to the respective Prepetition Sale Agreements shall be deemed approved in all respects as set forth in this Order.

7. If there is any direct conflict between the Prepetition Sale Agreements or any other related purchase agreement and this Order, the terms of this Order shall control.

8. The terms and provisions of the Prepetition Sale Agreements with respect to the 363 Sales and all related documents necessary to consummate the 363 Sales, together with the terms and provisions of this Order, shall be binding in all respects upon the Debtors, their estates, their creditors, and all parties in interest, including any and all successors and assigns (including, without limitation, any trustee appointed under the Bankruptcy Code).

9. Nothing contained in any plan of reorganization (or liquidation) confirmed in the Chapter 11 Cases, any order confirming any plan of reorganization (or liquidation), or any other order of any type or kind entered in the Chapter 11 Cases or any related proceeding, including any subsequent chapter 7 case, shall conflict with or derogate from the terms of this Order.

10. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the 363 Sales.

11. The Debtors are hereby authorized (but not directed) to pay the Broker Commissions, which commissions are fair and reasonable.

12. Notwithstanding anything to the contrary contained herein, any proceeds obtained by the Debtors pursuant to the proposed 363 Sales or any authorization contained hereunder shall be subject to any applicable requirements imposed on the Debtors under the DIP Order and the other DIP Loan Documents (as defined in the DIP Order), including the application of the proceeds of the 363 Sales in accordance with section 2.11 of the DIP Credit Agreement (as defined in the DIP Order).

13. Nothing in this Order or the Prepetition Sale Agreements releases, nullifies, precludes, or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner or operator of property after the date of entry of this Order. Nothing in this Order or the Prepetition Sale Agreements authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Order divests any tribunal of

any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.

14. This Order shall not authorize the sale or transfer of title or possession of any equipment subject to master leases and equipment schedules between Pacific Rim Capital, Inc., as lessor, and one or more of the Debtors, as lessee(s).

15. The Debtors are hereby authorized to take such actions as are necessary or appropriate to implement the terms of this Order.

16. Notwithstanding Bankruptcy Rules 6004 and 7062 and any other applicable Bankruptcy Rules or applicable Local Rules to the contrary, this Order shall be effective immediately upon entry and shall not be subject to any stay in the implementation, enforcement, or realization of the relief granted herein.

17. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order, the 363 Sales, the Prepetition Sales Agreements, and the Listing Agreements.

Signed: December 20, 2019.

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE