IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| SOUTHERN FOODS GROUP, LLC, *et al*, | § § § | Case No. 19-36313-(DRJ) |
| | § | |
| Debtors. | § | (Jointly administered) |

**MOTION OF NASH DAIRY CO. TO LIFT OR ANNUL THE AUTOMATIC STAY**

THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THERE WILL BE A HEARING ON THIS MATTER ON **JANUARY 29, 2020** AT **2:00 P.M.** IN COURTROOM 400, UNITED STATES COURTHOUSE, 515 RUSK AVENUE, HOUSTON, TX 77002

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Nash Dairy Co. ("Nash"), a creditor in the above referenced case, hereby files its Motion to Lift the Automatic Stay (the "Motion"), and in support thereof respectfully represents as follows:

**I.     JURISDICTION**

1.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. § 362. This is a core proceeding.

## II.     BACKGROUND

2. On November 12, 2019, (the "Petition Date"), the Debtors, including Dean Dairy Holdings, LLC and Suiza Dairy Group, LLC, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3. The Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On November 22, 2019, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee").

5. On December 3, 2013, Nash and Dean Dairy Holdings, LLC and Suiza Dairy Group, LLC ("Dean") entered into a Milk Purchase Agreement whereby Nash would sell all of the milk it produced at its farm to Dean. A true and correct copy of the Milk Purchase Agreement is attached as Exhibit A.

6. Under Section 3 of the Milk Purchase Agreement, either party is able to terminate the Milk Purchase Agreement--without cause—upon 90 days' notice. *See* Exhibit A at §3.

7. On November 28, 2019, Nash sent a notice of termination to Dean. *See* Exhibit B.

8. Nash seeks to terminate the agreement for a number of reasons. First, Nash believes that the Milk Purchase Agreement is not economical for Dean and that Dean is planning on rejecting the Milk Purchase Agreement during these bankruptcy proceedings. Second, Dean has other options to replace the Milk Purchase Agreement from other third-party suppliers at better prices and on better terms than the Milk Purchase Agreement. Third, the Milk Purchase Agreement is no longer economical for Nash—for a number of reasons—and Nash needs to move

on from the Milk Purchase Agreement no later than February 29, 2020. Fourth, Nash has negotiated to supply its milk to a third party beginning on March 1, 2020. Notably, the timing of this new supply contract is critical to Nash, as this is the only time that Nash will be able to enter into this new agreement and if Nash cannot move forward with a new purchaser, it will be unable to do so later when the Debtor likely rejects the Milk Supply Contract. Fifth, if Nash cannot move forward with this third party on March 1, 2020, Nash's business will be severely damaged, as Nash will have no alternatives to sell its milk and would likely be facing imminent termination of the Milk Supply Agreement by Dean, to its detriment.

### III.   RELIEF REQUESTED

9. Section 362(d)(1) of the Bankruptcy Code provides that a creditor is entitled to relief from the automatic stay for "cause, including a lack of adequate protection." "While cause … includes 'the lack of adequate protection of an interest in property,' it is not so limited…. Because 'cause' is not further defined in the Bankruptcy Code, relief from the stay for cause is a discretionary determination made on a case by case basis." *In re Busch*, 294 B.R. 137, 140 (10th Cir. BAP 2003).[1]

10. In the instant case, for all of the reasons set forth above, the automatic stay should be terminated or annulled for cause in order to avoid the significant harm to Nash of being compelled to keep performing only to have the contract later rejected by Dean at a date that would make it difficult for Nash to recover financially. Importantly, Dean will not be harmed by the lifting of (or annulment of) the automatic stay because Dean has alternate milk suppliers that can be utilized at more economical prices for Dean. Simply put, Nash cannot afford to wait many

---

[1] Alternatively, Nash would also submit that because the Milk Supply Contract is arguably a "commodity contract" under Section 761(4) of the Bankruptcy Code, 556 of the Bankruptcy Code limits the automatic stay's reach and protects Nash's rights to give notice and ultimately terminate the Milk Supply Contract without cause.

months/years for Dean to make what will be its eventual decision to reject the Milk Supply Agreement—Nash needs to move on from the Milk Supply Contract by March 1, 2020.

11. Accordingly, Nash requests that the Court grant this motion and lift the automatic stay to: 1) retroactively approve the notice of termination sent to Dean on November 29, 2019; and 2) allow Nash to terminate Milk Supply Contract, effective February 29, 2020.

WHEREFORE, Nash requests that this Court issue an order lifting the automatic stay to allow Nash to exercise its right to provide notice of termination and terminate the Milk Supply Agreement and granting such other and further relief as the Court deems appropriate under the circumstances.

DATED: December 30, 2019          Respectfully submitted,

**KILMER CROSBY & QUADROS PLLC**

By: */s/ Brian A. Kilmer*
Brian A. Kilmer
Texas Bar No.: 24012963
Email: bkilmer@kcq-lawfirm.com
712 Main Street, Ste. 1100
Houston, Texas 77002
Telephone: 713-300-9662
Fax: 214-731-3117

**COUNSEL FOR NASH DAIRY CO.**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23 I have emailed counsel for debtor but have received no response and therefore have been unable to reach an agreement on the requested relief. As a result, I consider this motion opposed.

                                                          */s/ Brian A. Kilmer*
                                                          Brian A. Kilmer

**CERTIFICATE OF SERVICE**

      This is to certify that a true copy of the foregoing was served via the Court's ECF system on those parties consenting to service through same on December 30, 2019 and by regular mail on the parties below.

Southern Foods Group, LLC
2711 North Haskell Avenue
Suite 3400
Dallas, TX 75204
**Debtor**

William R Greendyke
Norton Rose Fulbright US LLP
1301 McKinney Street, Suite 5100
Houston, TX 77010
**Counsel for Debtor**

Office of the US Trustee
515 Rusk Ave., Ste. 3516
Houston, TX 77002

Marty L Brimmage
Akin Gump Strauss Hauer & Feld LLP
2300 N. Field Street, Suite 1800
Dallas, TX 75201
**Counsel for the Official Committee of Unsecured Creditors of Southern Foods Group, LLC, et al.**

                                                   */s/ Brian A. Kilmer*
                                                 Brian A. Kilmer