

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/19/2020

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SOUTHERN FOODS GROUPS, LLC, *et al.*, | ) | Case No. 19-36313 (DRJ) |
|  | ) |  |
| Debtors.[1] | ) | Jointly Administered |
|  | ) |  |
|  | ) |  |
|  | ) | (Docket No. 850) |

## ORDER ESTABLISHING DEADLINES AND PROCEDURES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the motion (the "**Motion**")[2] of Southern Foods Group, LLC, Dean Foods Company, and certain of their affiliates that are debtors and debtors in possession in the Chapter 11 Cases (collectively, the "**Debtors**"), for entry of a final order, pursuant to sections 501, 502, 503, 507, and 1111(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a)(7) and 3003(c)(3), (a) establishing deadlines and procedures for filing proofs of claim ("**Proofs of Claim**") in the Chapter 11 Cases, (b) approving the proposed form of notice of deadlines and procedures for

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southern Foods Group, LLC (1364); Dean Foods Company (9681); Alta-Dena Certified Dairy, LLC (1347); Berkeley Farms, LLC (8965); Cascade Equity Realty, LLC (3940); Country Fresh, LLC (6303); Dairy Information Systems Holdings, LLC (9144); Dairy Information Systems, LLC (0009); Dean Dairy Holdings, LLC (9188); Dean East II, LLC (9192); Dean East, LLC (8751); Dean Foods North Central, LLC (7858); Dean Foods of Wisconsin, LLC (2504); Dean Holding Company (8390); Dean Intellectual Property Services II, Inc. (3512); Dean International Holding Company (9785); Dean Management, LLC (7782); Dean Puerto Rico Holdings, LLC (6832); Dean Services, LLC (2168); Dean Transportation, Inc. (8896); Dean West II, LLC (9190); Dean West, LLC (8753); DFC Aviation Services, LLC (1600); DFC Energy Partners, LLC (3889); DFC Ventures, LLC (4213); DGI Ventures, Inc. (6766); DIPS Limited Partner II (7167); Franklin Holdings, Inc. (8114); Fresh Dairy Delivery, LLC (2314); Friendly's Ice Cream Holdings Corp. (7609); Friendly's Manufacturing and Retail, LLC (9828); Garelick Farms, LLC (3221); Mayfield Dairy Farms, LLC (3008); Midwest Ice Cream Company, LLC (0130); Model Dairy, LLC (7981); Reiter Dairy, LLC (3675); Sampson Ventures, LLC (7714); Shenandoah's Pride, LLC (2858); Steve's Ice Cream, LLC (6807); Suiza Dairy Group, LLC (2039); Tuscan/Lehigh Dairies, Inc. (6774); Uncle Matt's Organic, Inc. (0079); and Verifine Dairy Products of Sheboygan, LLC (7200). The debtors' mailing address is 2711 North Haskell Avenue, Suite 3400, Dallas, TX 75204.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

filing Proofs of Claim in the Chapter 11 Cases (the "**Bar Date Notice**"), in substantially the form filed at Docket No. 928-1 ~~attached to the Motion~~, (c) approving the form and manner for filing Proofs of Claim and the form of customized Proof of Claim attached to the Motion that substantially complies with Official Bankruptcy Form 410 (the "**Customized Proof of Claim Form**"), and (d) approving the proposed manner and sufficiency of service and publication of the Publication Notice (the "**Publication Notice**"), attached to the Motion, as more fully described in the Motion; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due, proper, and adequate notice of the Motion and opportunity for objection to and a hearing on the Motion having been given to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing (if any) establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion being in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

    1.    The relief requested in the Motion is hereby granted as set forth herein.

2. Each person or entity, including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, trust, or governmental unit, that holds or asserts a claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors shall file a separate Proof of Claim in the Chapter 11 Case of each Debtor against whom a claim is asserted; *provided,* that the Debtors may agree in writing without further order of the Court to permit a claimant to file a Proof of Claim asserting a claim against more than one Debtor if such Proof of Claim clearly identifies each Debtor and its corresponding liability.

3. **General Bar Date**. Except as otherwise provided herein, any person or entity asserting a claim against the Debtors in the Chapter 11 Cases must file an original, written Proof of Claim so that it is actually received, as provided in paragraph 7 below, by the Clerk of the Court or Epiq Corporate Restructuring, LLC ("**Epiq**"), on or before **March 27, 2020 at 5:00 p.m. (prevailing Central Time)** (the "**General Bar Date**"), at the address and in the form set forth herein. The General Bar Date applies to all persons and entities holding claims against the Debtors that arose or are deemed to have arisen on or before the Petition Date, including, without limitation, claims for rights to payment arising on account of any federal or state statutory trusts, secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(4), (5), and (8) of the Bankruptcy Code), and unsecured nonpriority claims.

4. **Governmental Bar Date**. Notwithstanding paragraph 3 above, the deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim against the Debtors is **May 11, 2020 at 5:00 p.m. (prevailing Central Time)** (the "**Governmental Bar Date**").

5. **Amended Schedules Bar Date**. If the Debtors amend or supplement their Schedules to (a) reduce the undisputed, noncontingent, and liquidated amount of a claim, (b) change the amount, nature, or characterization of a claim, or (c) add a new claim to the Schedules, the affected claimant must file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim in accordance with the procedures described herein so that it is actually received, as provided in paragraph 7 below, by Epiq on or before the later of (y) the General Bar Date and (z) 30 days after the claimant is served with notice of the applicable amendment or supplement to the Schedules (together, the "**Amended Schedules Bar Date**").

6. **Rejection Damages Bar Date**. In the event a Debtor rejects any executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code, Proofs of Claim asserted in connection with such rejection must be filed so that they are actually received, as provided in paragraph 7 below, by Epiq on or before the later of (a) the General Bar Date and (b) 30 days after entry of any order authorizing the rejection of such executory contract or unexpired lease (together, the "**Rejection Damages Bar Date**").

7. Proofs of Claim filed with Epiq will be deemed timely filed only if **actually received** by Epiq on or before the applicable Bar Date associated with such claim by delivering a completed, signed, original of the Proof of Claim form, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), by (a) if to the Clerk of the Court, electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), or if submitted through non-electronic means, U.S. Mail or hand delivery system at the following address:

Clerk of the Court<br>
United States Bankruptcy Court<br>
515 Rusk Street<br>
Houston, Texas 77002<br>
<br>
Correspondence:<br>
David J. Bradley, Clerk of Court<br>
P.O. Box 61010<br>
Houston, Texas 77208

(b) regular mail to Southern Foods Group, LLC d/b/a Dean Foods Claims Processing Center c/o Epiq Corporate Restructuring, LLC P.O. Box 4419 Beaverton, OR 97076-4419, (c) overnight mail, courier service, hand delivery, or in person to Southern Foods Group, LLC d/b/a Dean Foods Claims Processing Center c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005, or (d) completing the electronic Proof of Claim Form (an "**Electronic Proof of Claim**") available online at the Debtors' Case Information Website using the interface available on such website located at https://dm.epiq11.com/SouthernFoods under the link entitled "File a Claim" (the "**Electronic Filing System**"). Proof of Claim Forms submitted by facsimile or e-mail *will not* be accepted.

8. The following persons and entities are **<u>not required</u>** to file Proofs of Claim:

   a. the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

   b. any person or entity that has already properly filed a Proof of Claim against the correct Debtor(s) with either Epiq or the Clerk of the Court for the United States Bankruptcy Court for the Southern District of Texas;

   c. any person or entity (i) whose claim is listed in the Debtors' Schedules or any amendments thereto, (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," *and* (iii) who does not dispute the amount or characterization of its claim as set forth in the Schedules (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules);

    d.    any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code), including any professionals retained by the Debtors or the Committee pursuant to orders of the Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code;

    e.    any party that is exempt from filing a Proof of Claim pursuant to an order of the Court in the Chapter 11 Cases;

    f.    any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

    g.    current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' services to the Debtors;

    h.    any Debtor asserting a claim against another Debtor;

    i.    any entity that is wholly owned by a Debtor;

    j.    any person or entity whose claim against the Debtors has been allowed by an order of the Court;

    k.    a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission or benefit, including the *Order Authorizing (I) Debtors to (A) Pay Prepetition Employee Obligations and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Current and Former Employees to Proceed with Outstanding Workers' Compensation Claims, and (III) Financial Institutions to Honor and Process Related Checks and Transfers* [D.I. 108]; *provided*, that a current employee must submit a Proof of Claim by the General Bar Date for all other claims arising on or before the Petition Date, including claims for benefits not provided for pursuant to an order of the Court, wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

    l.    any entity holding a claim for which a separate deadline has been fixed by the Court;

    m.    any holder of an equity interest in the Debtors need not submit a proof of interest with respect to the ownership of such equity interest at this time; *provided,* that any holder of an equity interest who wishes to

    assert a claim against the Debtors other than with respect to ownership of such equity interest, including a claim relating to the purchase or sale of such interest or rescission under section 510 of the Bankruptcy Code, must submit a Proof of Claim asserting such claim on or before the General Bar Date pursuant to the procedures set forth herein;

  n. the DIP Secured Parties and Prepetition Secured Parties, each as defined in the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552 and Rules 2002, 4001, 6003, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing, and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, and (IV) Granting Related Relief* [D.I. 608] (the "**Final DIP Order**"), for any claims arising from or related to any of the Prepetition Loan Documents or the DIP Loan Documents (each as defined in the Final DIP Order), as applicable, including as specified in the Debtors' Stipulations (as defined in the Final DIP Order) therein, or the payment of administrative expenses with respect to any of the DIP Obligations (as defined therein);

  o. the Agent, LC Bank and Purchasers, each as defined in the *Final Order Pursuant to 11 U.S.C. §§ 105, 362, 363, 364, 365, 503(b), 507(b), and Rules 4001, 6003, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Certain Debtors to (A) Continue Selling Receivables and Related Rights Pursuant to a Securitization Facility, (II) Modifying the Automatic Stay, and (III) Granting Related Relief* [D.I. 576] ("the "**Final Securitization Order**"), for any claims arising from or related to any of the Existing Transaction Documents or the Amended Transaction Documents (each as defined in the Final Securitization Order), as applicable, including as specified in the Debtors' Stipulations (as defined in the Final Securitization Order) therein, or the payment of administrative expenses with respect to any of the Facility Obligations (as defined therein); and

  p. any party identified in the Final DIP Order or Final Securitization Order as holding a claim on account of any fees, expenses, or other obligations arising thereunder.

9. Except as otherwise provided herein, any entity asserting a Proof of Claim against more than one Debtor shall file a separate Proof of Claim with respect to each such Debtor and identify on each Proof of Claim the particular Debtor against which their claim is asserted. If more than one Debtor is listed on any particular Proof of Claim Form, such claim shall be

deemed to have been filed only against the first listed Debtor. Any claim filed under the joint administration case number (Southern Foods Group, LLC, *et al.*, Case No. 19-36313 (DRJ)) or otherwise without identifying a Debtor shall be deemed as filed only against Southern Foods Group, LLC.

10. Notwithstanding anything to the contrary in the Motion or this Order, the Prepetition Agent, on behalf of itself and the other Prepetition Secured Parties, and the Agent, on behalf of itself and the Purchasers, and the LC Bank are authorized to file (and amend and/or supplement, as it sees fit) under the joint administration case number (Case 19-36313 (Southern Foods Group, LLC, et al., Case No. 19-36313 (DRJ)) a single, master Proof of Claim (a "**Master Proof of Claim**"), pursuant to paragraph 16 of the Final DIP Order or paragraph 16 of the Final Securitization Order, as applicable, on account of any and all of their claims arising under the Prepetition Loan Documents or the Existing Transaction Documents, as applicable, or specified or noted under the Final DIP Order or the Final Securitization Order, as applicable, which claims will be deemed as filed against each of the applicable Debtors.

11. Paragraph 16 of the Final DIP Order or paragraph 16 of the Final Securitization Order, as applicable, shall govern and control with respect to any such Master Proof of Claim that the Prepetition Agent, the Agent, and the LC Bank, as applicable, elects to submit, and the terms of such applicable paragraph 16 shall control to the extent inconsistent with this Bar Date Order. The Master Proof of Claim does not need to include the documents on which the claim is based or evidenced; however, the Prepetition Agent, the Agent, and the LC Bank, as applicable, shall make such documents available to the Debtors upon the Debtors' reasonable request.

12. Notwithstanding anything to the contrary herein, The Bank of New York Mellon Trust Company, N.A. (the "**Trustee**") is authorized to file a Master Proof of Claim for principal,

interest, applicable premium (if any), fees and expenses (including attorneys' fees), and all other amounts payable under the applicable indenture and related documents (the "**Debt Claim**"), on behalf of itself and all holders of Debt Claims (each, a "**Holder**").

13. Any such Master Proof of Claim shall have the same effect as if each applicable Holder had individually filed a Proof of Claim against each applicable Debtor on account of such Holder's Debt Claim. The Trustee may amend, supplement, or otherwise modify its Master Proof of Claim from time to time, to the extent permitted by applicable law. The Trustee shall not be required to file with a Master Proof of Claim any instruments, agreement, or other documents evidencing the obligations referenced in such Master Proof of Claim, which instruments, agreements, or other documents will be provided upon written request to counsel for the Trustee. For administrative convenience, any Master Proof of Claim authorized herein may be filed in the case of Debtor Southern Foods Group, LLC (the "**Lead Case**"), with respect to all amounts asserted in such Master Proof of Claim, and such Master Proof of Claim shall be deemed to be filed and asserted by the applicable entity or entities against every Debtor that is liable for the applicable claim so long as such authorized Master Proof of Claim sets forth in reasonable detail the basis for such claim and, to the extent reasonably possible, the amount asserted against each applicable Debtor. No authorized Master Proof of Claim shall be disallowed, reduced, or expunged on the basis that it is filed only in the Lead Case and only against Debtor Southern Foods Group, LLC. For the avoidance of doubt, the provisions set forth in this paragraph and any Master Proof of Claim filed pursuant to the terms hereof are intended solely for the purpose of administrative convenience and shall not affect the substantive rights of any party-in-interest or their respective successors-in-interest, including, without limitation, the rights of the Trustee or any Holder under applicable law, and the numerosity requirements set

forth in section 1126 of the Bankruptcy Code. In addition, if a Holder asserts a claim (if any) against any of the Debtors *other than the Debt Claims* (a "**Non-Debt Claim**"), such Holder shall be required to file its own proof of claim for such non-Debt Claims.

14. Any person or entity that is required to timely file a Proof of Claim in the form and manner specified by this Order and who fails to do so on or before the Bar Date associated with such claim (a) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors or thereafter filing a Proof of Claim with respect thereto in the Chapter 11 Cases, (b) shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting on any plan in the Chapter 11 Cases, and (c) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim in the Chapter 11 Cases.

15. The Bar Date Notice, substantially in the form ~~attached to the Motion~~ found at Docket No. 928-1, is hereby approved in all respects.

16. The Bar Date Notice shall be deemed good, adequate, and sufficient notice of the relief granted by this Order to all known creditors of the Debtors if it is served, together with the Proof of Claim Form, via first-class U.S. mail, postage prepaid, no later than February 26, 2020, on all known persons and entities holding potential claims against the Debtors.

17. The Debtors shall provide all known creditors listed in the Debtors' Schedules with the Customized Proof of Claim Form, attached to the Motion, which will identify how the Debtors have scheduled the creditor's claim in the Schedules, including (a) the identity of the Debtor against which the creditor's claim is scheduled, (b) the amount of the scheduled claim, if any, (c) whether the claim is listed as contingent, unliquidated, or disputed, and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority. If the creditor disagrees

with the information set forth on the Customized Proof of Claim Form, the creditor must file a Proof of Claim identifying the Debtor against which the creditor is asserting a claim and the amount and type of such claim. Creditors may submit the Customized Proof of Claim Form or an Official Form 410.

18. The form of Customized Proof of Claim attached to the Motion is hereby approved in all respects.

19. The Debtors may, but are not required to, make supplemental mailings of the Bar Date Package at any time up to 21 days in advance of the Bar Date, with any such mailings deemed timely and the Bar Date being applicable to the recipient creditors.

20. The Debtors shall publish the Publication Notice, substantially in the form attached to the Motion, in the *USA Today* national edition no later than 21 days before the General Bar Date, which Publication Notice is hereby approved in all respects and shall be deemed good, adequate, and sufficient notice of the General Bar Date by publication.

21. Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute, or to assert offsets or defenses to, any claim reflected in the Schedules as to amount, liability, characterization, or otherwise, and to subsequently designate any claim as disputed, contingent, or unliquidated.

22. Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

23. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

24. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

**Signed: February 18, 2020.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**