**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF
TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| SOUTHERN FOODS GROUP, LLC, *et al.*, | ) | Case No. 19-36313 (DRJ) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**SUPPLEMENTAL OBJECTION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS TO DEBTORS'
MOTION FOR APPROVAL OF BIDDING PROCEDURES AND
STALKING HORSE ASSET PURCHASE AGREEMENT**
(Related Docket Nos. 925, 935 & 1060)

The Official Committee of Unsecured Creditors (the "Committee") of Southern Foods

Group, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors" and,

together with their non-Debtor affiliates, "Dean Foods"), by and through its undersigned counsel,

hereby submits this supplemental objection (the "Supplemental Objection") to its Objection

[Docket No. 1060] (the "Objection")[2] to the Debtors' Bidding Procedures Motion [Docket No.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southern Foods Group, LLC (1364); Dean Foods Company (9681); Alta-Dena Certified Dairy, LLC (1347); Berkeley Farms, LLC (8965); Cascade Equity Realty, LLC (3940); Country Fresh, LLC (6303); Dairy Information Systems Holdings, LLC (9144); Dairy Information Systems, LLC (0009); Dean Dairy Holdings, LLC (9188); Dean East II, LLC (9192); Dean East, LLC (8751); Dean Foods North Central, LLC (7858); Dean Foods of Wisconsin, LLC (2504); Dean Holding Company (8390); Dean Intellectual Property Services II, Inc. (3512); Dean International Holding Company (9785); Dean Management, LLC (7782); Dean Puerto Rico Holdings, LLC (6832); Dean Services, LLC (2168); Dean Transportation, Inc. (8896); Dean West II, LLC (9190); Dean West, LLC (8753); DFC Aviation Services, LLC (1600); DFC Energy Partners, LLC (3889); DFC Ventures, LLC (4213); DGI Ventures, Inc. (6766); DIPS Limited Partner II (7167); Franklin Holdings, Inc. (8114); Fresh Dairy Delivery, LLC (2314); Friendly's Ice Cream Holdings Corp. (7609); Friendly's Manufacturing and Retail, LLC (9828); Garelick Farms, LLC (3221); Mayfield Dairy Farms, LLC (3008); Midwest Ice Cream Company, LLC (0130); Model Dairy, LLC (7981); Reiter Dairy, LLC (3675); Sampson Ventures, LLC (7714); Shenandoah's Pride, LLC (2858); Steve's Ice Cream, LLC (6807); Suiza Dairy Group, LLC (2039); Tuscan/Lehigh Dairies, Inc. (6774); Uncle Matt's Organic, Inc. (0079); and Verifine Dairy Products of Sheboygan, LLC (7200). The debtors' mailing address I 2711 North Haskell Avenue, Suite 3400, Dallas, TX 75204.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

925] (the "Motion").  In support of this Supplemental Objection, the Committee respectfully states as follows.

<u>**SUPPLEMENTAL OBJECTION**</u>

1.      As described at length in the Objection, the Committee has numerous concerns with respect to the Debtors' proposed sale of their assets to DFA including with respect to the Bid Protections, Bid Procedures and the terms of the DFA Asset Purchase Agreement.  Among the specific concerns raised in the Objection are those related to whether antitrust approval will be obtained for the proposed sale and DFA's right to receive an $8 million expense reimbursement if such approval is not obtained by June 1, 2020.  *See* Objection at 12, 51.  In connection therewith, the Committee files this Supplemental Objection to provide the Court with the correspondence attached hereto as Exhibit A, which was received following the filing of the Objection.

2.      On March 11, 2020, Committee counsel received the attached letter from the Department of Justice (the "DOJ Letter").  The DOJ Letter includes, among others, the following statements:

- "Although the Antitrust Division's review is at an early stage, ***we wish to advise you that an acquisition of Dean by DFA appears to pose a serious risk of anticompetitive harm that would likely need to be addressed either through divestitures or an injunction enjoining the transaction if DFA and Dean are unwilling or unable to agree to appropriate remedies needed to protect American farmers and consumers.***"

- "The Antitrust Division has sought to engage with Dean and DFA about the potential problems and how to address those problems within the time before liquidity issues overtake Dean ... ***So far, however, DFA has shown little willingness to engage or fully acknowledge the significant antitrust issues raised by the proposed transaction or consider effective solutions to resolve those issues.  Unless and until that changes, there remains a significant risk that the Antitrust Division may conclude that the transaction violates the antitrust laws and may need to initiate a lawsuit in the United States District Court seeking to enjoin the transaction.***"

3.       As evidenced by the content of the DOJ Letter, in the event Court were to approve the sale to DFA on the terms currently proposed, the likelihood of regulatory approval being obtained by June 1, 2020 is extremely unlikely.  The Committee will address the attached letter and the balance of its Objection in more detail at the hearing scheduled for March 12, 2020.

## <u>RESERVATION OF RIGHTS</u>

4.       The Committee is still in the process of conducting discovery in connection with matters pertaining to the Motion.  Accordingly, the Committee reserves its rights to raise additional objections to the Motion up until and during the hearing to consider approval of the Bid Protections and Bidding Procedures and the hearing on any eventual sale, respectively.

[*Remainder of page intentionally left blank.*]

## <u>CONCLUSION</u>

**WHEREFORE**, the Committee respectfully requests that the Court (i) deny the Motion absent the modifications outlined in the Objection and (ii) grant the Committee such other and further relief as the Court may deem just, proper and equitable.

Dated:  March 11, 2020

Respectfully Submitted,

**AKIN GUMP STRAUSS HAUER & FELD LLP**

 /s/ *Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.
State Bar No. 00793386; S.D. Tex. No. 30464
Lacy M. Lawrence
State Bar No. 24055913; S.D. Tex. No. 995675
2300 N. Field St., Suite 1800
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email:  mbrimmage@akingump.com
           llawrence@akingump.com

-and-

Ira S. Dizengoff (admitted *pro hac vice*)
Philip C. Dublin (admitted *pro hac vice*)
Meredith Lahaie (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email:  idizengoff@akingump.com
           pdublin@akingump.com
           mlahaie@akingump.com

*Counsel to the Official Committee of Unsecured Creditors of Southern Foods Group, LLC, <u>et al.</u>*

4

## **Exhibit A**



**U.S. DEPARTMENT OF JUSTICE**
Antitrust Division

**MAKAN DELRAHIM**
Assistant Attorney General

Main Justice Building
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001
(202) 514-2401 / (202) 616-2645 (Fax)

March 11, 2020

Committee of Unsecured Creditors of Southern Foods Group, LLC, *et al.*
c/o Philip C. Dublin, Esq.
Meredith A Lahaie, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036

Re:   <u>Antitrust Issues with Dean Foods Proposed Sale to DFA</u>

To the Committee of Unsecured Creditors:

I write in connection with Dairy Farmers of America, Inc.'s ("DFA") recently announced proposed acquisition of Dean Foods Company ("Dean"). DFA's acquisition of Dean would represent a dramatic reorganization of the American dairy industry, combining competing processors in several geographies and combining the nation's largest raw milk supplier with the largest processor of fluid milk. The Antitrust Division of the Department of Justice (the "Antitrust Division") understands the significance of Dean Foods to communities around the country and is working diligently to analyze whether the proposed transaction violates the antitrust laws to the detriment of farmers, schoolchildren, and other consumers. Although the Antitrust Division's review is at an early stage, we wish to advise you that an acquisition of Dean by DFA appears to pose a serious risk of anticompetitive harm that would likely need to be addressed either through divestitures or an injunction enjoining the transaction if DFA and Dean are unwilling or unable to agree to appropriate remedies needed to protect American farmers and consumers.

As you are likely aware, the Antitrust Division regularly conducts investigations into the likely competitive effects of transactions that raise potential antitrust concerns to determine whether they would violate the antitrust laws, including Section 7 of the Clayton Act, which prohibits transactions whose effects "may be substantially to lessen

Committee of Unsecured Creditors
March 11, 2020
2

competition, or to tend to create a monopoly."[1]  These complex investigations require the review of substantial data and documents from parties and third parties and can take time to complete.  In light of Dean's liquidity problems, the Antitrust Division has been working diligently to identify, as quickly as possible, the specific areas of concern.

The Antitrust Division has sought to engage with Dean and DFA about the potential problems and how to address those problems within the time before liquidity issues overtake Dean.  The Antitrust Division has been transparent with DFA and Dean about these areas of concern and has proposed constructive solutions that would potentially resolve the antitrust issues.  For example, the Antitrust Division has identified specific assets that may need to be divested to resolve the competitive concerns posed by this transaction.  So far, however, DFA has shown little willingness to engage or fully acknowledge the significant antitrust issues raised by the proposed transaction or consider effective solutions to resolve those issues.  Unless and until that changes, there remains a significant risk that the Antitrust Division may conclude that the transaction violates the antitrust laws and may need to initiate a lawsuit in United States District Court seeking to enjoin the transaction.

Sincerely,

Makan Delrahim

cc:    Richard Kincheloe, Esq.
       Brian M. Resnick, Esq.
       John F. Higgins, Esq.
       James Ktsanes, Esq.
       Robert A. Britton, Esq.

---

[1] 15 U.S.C. § 18.