IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

_____

In re SOUTHERN FOODS GROUP, LLC,
et al., Debtors.                    ) Chapter 11
                                    )
                                    ) Case No. 19-36313 (DRJ)
                                    )
                                    ) (Jointly Administered)
                                    )
_____

AMICUS CURIAE OF AMERICAN CITIZENS, FARMER ADVOCACY
ORGANIZATIONS, DAIRY FARMERS, MEMBERS OF DFA, AND
SHAREHOLDERS OF DEAN FOODS

The reason the Court allows for Amicus Curiae filing is to bring to light relevant issues that the Court may not be aware of, to facilitate the Courts reaching just and equitable resolutions to the cases brought before it.

We have standing in the instant case as American citizens, farmer advocacy organizations, Dairy farmers, members of DFA, and shareholders of Dean Foods.

The Court may not be aware; DFA murdered Dean. Granted Dean should not have been hanging around with mobsters. Based on our observations of this Courts' behavior, it appears to be prepared to reward the murderer with the victim's house, car, boat and bank account. No questions asked, "I'm sure you can work this out." Judge David Jones addressing the lawyers of DFA and Dean, February 19th, Hearing. Meanwhile this Court has thrown the wife, children and family dog (Dairy farmers, shareholders, teamsters, stockholders, unsecured creditors, and bond

holders) out to the curb. Perhaps, we may rummage through the murderer's garbage and get some leftovers.

This is in no way hyperbolic. The danger to America's Dairy Industry, individual dairy farmers and ultimately the consumers cannot be overstated. DFA is the Godfather of America's National Milk Producers Federation's milk cartel. Dairy Farmers are silenced by threat of the loss of a place to market their milk because of very successful violations of the Sherman Act, Capper-Volstead, and various other Federal criminal laws and statues by DFA. (monopsony power - see attached exhibits with explanation)

The class action firms of Howrey (now bankrupted and gone), Baker Hostetler, Cohen Milstein and their co-counsel and associates have repeatedly settled Dairy farmer claims providing cover for DFA.[1] Class members affected by subsequent cases filed against DFA and its milk cartel have worked hard to fight off settlement attempts by their own lawyers. Allen v. DFA, twice Appealed currently still on appeal in the Second Circuit. Sitts v. DFA, trial pending. Mr. Sitts and Mr. Swantak, both instrumental in bringing the Sitts case forward with new counsel, were former class representatives in the Allen case. Shawnee Dairy is suing DFA in

---

[1] Mr. Calvin Covington of www.KetuckyDairyOrganization reports on Kentucky milk matters. The Southeast Order mailbox price to farmers was $.31 above blend in 2010 and $1.28 below blend in 2016, after the Southeast Milk anti-trust suit was settled. The Southeast is milk deficient. The focus of the Southeast Dairy litigation, as previously laid out by Allee A. Ramadhan of the DOJ, was the manipulation of the Federal Order blend price. That settlement failed to do anything to solve the problems, instead, "It's worse than ever! We never should have taken the settlement money." Said Bart Ramsey Southeast dairy farmer who received $90,000.00.

Kansas State Court[2]. The price fixing case of Carlin v Dairy America Inc. (DFA is a charter member of Dairy America) is on appeal in the Ninth Circuit.

The sale of Deans assets to DFA would be challenged. In 2009, Dean attempted to acquire Wisconsin's Foremost Farms. After review, the acquisition was only approved on the condition that Dean divest from milk processing facilities in Waukesha and from the Golden Guernsey brand[3]. Dean's sale of assets to DFA – simply in terms of scale, the largest processor with a national reach sold to the largest dairy cooperative that is national in scope – would be challenged for the blatant anti-trust violation it would create. The associated monopolization that led the DOJ to protest ten years ago is multiplied many times over here. Namely, approval of this sale of assets portends to hurt consumers. It would eliminate competition, which should merit the attention of the DOJ. Basic economics demonstrates that a monopoly always produces less of a good then the consumer needs and charges a higher price then the consumer would otherwise have to pay. Hence the Sherman Act.

DFA's management's priorities are in conflict with their member farmers. Consider the following, as farmer pay prices decrease DFA's corporate profits increase. In 2014 DFA paid members an annual average of $24.17 per cwt, DFA

---

[2] Shawnee Dairy LLC v. Dairy Farmers Of America Inc. State of Kansas, Chapter17, Article16, 17-602, 7b, states "Associations organized under this act shall be deemed non-profit, as they are not organized to make profit for themselves, as such, or for their members, as such, but only for their members as PRODUCERS. This act shall be referred to as the Cooperative Marketing Act."
[3] https://www.justice.gov/opa/pr/justice-department-reaches-settlement-dean-foods-company

corporate profits were reported at $43.1 million; In 2015 farmers received an average pay price of $17.18 per cwt, DFA's corporate profits were reported at $94.1 million dollars; In 2016 farmers income continued to erode, the pay price fell to $16.22 conversely corporate profit continued to soar to $131.8 million dollars.[4] These monies never make their way back to their farmer members or the communities they support.

Should there be any doubt of DFA's control of Dean via their milk supply agreements consider this one little example. Class I farm gate milk prices for 2014 averaged $26.14 a hundred weight. In 2015 that price plummeted to just $19.21, That is a drop of 27%. Deans milk procurement costs fell a mere 4% in response to the collapse of dairy farmer pay price. As the recently withdrawn Motion to Form an Equity Committee stated a 1% rise in DFA's costs to Dean represents a $22 million dollar liability for Dean.

Please note, Dean's brand-new CFO, Gary Rahlfs, was employed by PepsiCo at the time of their failed joint venture with Quaker Muller in Batavia, New York (2015)[5]. New York's milk supply was and is densely consolidated under DFA and its' cartel underlings ("Monopoly" power - see attached exhibits with explanation). The two-year old, $206 million dollars, 350,000 sq. foot Yogurt factory was sold to DFA for $60 million dollars.

---

[4] http:/www.dfamilk.com/newsroom/pressrelease/dfa-reports-record-profits. Financial results 2014, 2015, 2016.
[5] Declaration of Gary Rahlfs, case #19-36313 Filed in TXSB Document #751-1

The deliverance of Dean from its milk supply agreement (which is in violation of the DOJ Consent Decree see *Allen v. DFA* District of Vermont cv file # 5:09-00230 Docket # 358) with DFA scheduled for next year should add yet another level of scrutiny to these proceedings.

In a discussion with one of the shareholders concerning the Hearing on the 19th, he asked, "I never understood why you guys (farmers) don't make shelf stable milk for export to China like Europe does?" It was explained, "The DFA model is cheap milk. Why make milk here? Milk cows in China, Mexico etc. (Note: DFA is looking to get Dean's Mexico plants) where there are no animal welfare laws, no worker's rights, (the Judge was concerned for the workers, 2/19/20 Hearing) and no environmental regulations (the Judge also expressed concern for the environment, 2/19/20 Hearing) and send it back here where the money is."

This same shareholder is terrified to continue with the Motion to Form an Equity Committee after this Court's threats of sanctions were clearly followed by Dean's lawyers via telephone followed by email to the shareholder's attorney and by extension, their committee.

Is this the state of America's Jurisprudence? Ignore the rule of law and threaten the weak if they interfere with the Court's planned resolution of the issue?

We hear-by join our voices to those of the other objectors to the Dean take over by DFA.

A complete disclosure of all of Deans financials needs to be reviewed by all interested parties. The ad hoc equity committee needs to resubmit their motion. All alternative options need to be thoroughly reviewed to determine the best path forward to protect the greatest number of stake holders at the highest value.

By:

Joe Augusto, California Dairy Campaign

Contract Poultry Growers Association of the Virginias, Franklin, West Virginia

Maggie Curtis, Dairy Farmer, Radio Host, Farm Women United

Mike Eby, President, Family Dairy Farms LLC (Plaintiff Sitts v. DFA)

Jonathan Haar, DFA Member Dairy Farmer

Donna Hall, Retired Dairy Farmer, Crop Farmer, Member Farm Women United PA

Floyd Hall, Retired Dairy Farmer, New York

Kirk Herse, Former Dairy Farmer - Bankrupted by DFA's Milk Cartel

Dieter Krieg, Publisher

Thomas Monteith, Dairy Farmer/Equipment Dealer – Retired

Thomas Olsen, President, Dairy Pricing Association

Anthony Pahnke and Family Farm Defenders, Madison, Wisconsin

Arden Tewksbury, President, Pro-Ag

Amos Zimmerman, Manager, Dairy Pricing Association, Former Hoof Trimmer

Respectfully submitted,

*/s/ Joshua D. Haar*

Joshua D. Haar

Law Offices of Joshua D. Haar, Esq.

1495 Paddock Rd.

West Edmeston, NY 13485

Tel. (315) 825-8106

jhaar@fdwcpa.net

*On behalf of Dean Foods Shareholder Susan L. Poole*