**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SOUTHERN FOODS GROUPS, LLC, *et al.*, | ) ) | Case No. 19-36313 (DRJ) |
| Debtors.[1] | ) ) ) ) | Jointly Administered |

**NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY**
**CONTRACTS OR UNEXPIRED LEASES AND CURE COSTS**

      **PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") on November 12, 2019.

      **PLEASE TAKE FURTHER NOTICE** that, on February 17, 2020, in connection with the proposed sale (the "**Sale Transaction**") of all, substantially all, or a portion of Debtors' assets (collectively, the "**Bid Assets**"), the Debtors filed a motion (the "**Bidding Procedures Motion**")[2] with the Court seeking entry of orders, among other things, approving (a) procedures for the solicitation of bids in connection with the Sale Transaction (the "**Bidding Procedures**"),

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southern Foods Group, LLC (1364); Dean Foods Company (9681); Alta-Dena Certified Dairy, LLC (1347); Berkeley Farms, LLC (8965); Cascade Equity Realty, LLC (3940); Country Fresh, LLC (6303); Dairy Information Systems Holdings, LLC (9144); Dairy Information Systems, LLC (0009); Dean Dairy Holdings, LLC (9188); Dean East II, LLC (9192); Dean East, LLC (8751); Dean Foods North Central, LLC (7858); Dean Foods of Wisconsin, LLC (2504); Dean Holding Company (8390); Dean Intellectual Property Services II, Inc. (3512); Dean International Holding Company (9785); Dean Management, LLC (7782); Dean Puerto Rico Holdings, LLC (6832); Dean Services, LLC (2168); Dean Transportation, Inc. (8896); Dean West II, LLC (9190); Dean West, LLC (8753); DFC Aviation Services, LLC (1600); DFC Energy Partners, LLC (3889); DFC Ventures, LLC (4213); DGI Ventures, Inc. (6766); DIPS Limited Partner II (7167); Franklin Holdings, Inc. (8114); Fresh Dairy Delivery, LLC (2314); Friendly's Ice Cream Holdings Corp. (7609); Friendly's Manufacturing and Retail, LLC (9828); Garelick Farms, LLC (3221); Mayfield Dairy Farms, LLC (3008); Midwest Ice Cream Company, LLC (0130); Model Dairy, LLC (7981); Reiter Dairy, LLC (3675); Sampson Ventures, LLC (7714); Shenandoah's Pride, LLC (2858); Steve's Ice Cream, LLC (6807); Suiza Dairy Group, LLC (2039); Tuscan/Lehigh Dairies, Inc. (6774); Uncle Matt's Organic, Inc. (0079); and Verifine Dairy Products of Sheboygan, LLC (7200). The debtors' mailing address is 2711 North Haskell Avenue, Suite 3400, Dallas, TX 75204.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Motion.

(b) the form and manner of notice related to the Sale Transaction, and (c) procedures for the assumption and assignment of contracts and leases in connection with the Sale Transaction (the "**Assumption and Assignment Procedures**").

**PLEASE TAKE FURTHER NOTICE** that, on March 19, 2020, the Court entered an order (the "**Bidding Procedures Order**") approving, among other things, the Bidding Procedures (as modified by such Bidding Procedures Order), which establish the key dates and times related to the Sale Transaction and the Assumption and Assignment Procedures.

**PLEASE TAKE FURTHER NOTICE** that, upon the closing of a Sale Transaction, the Debtors intend to assume and assign to the Successful Bidder(s) the Potential Assumed Contracts. A schedule listing the Potential Assumed Contracts (the "**Potential Assumed Contracts Schedule**") is attached hereto and may also be accessed free of charge on the Debtors' case information website, located at *https://dm.epiq11.com/SouthernFoods* or can be requested by email at DeanInfo@epiqglobal.com. In addition, the "**Cure Costs**" as of the date of the Bidding Procedures Order, if any, necessary for the assumption and assignment of the Potential Assumed Contracts are set forth on the Potential Assumed Contracts Schedule. *Each Cure Cost listed on the Potential Assumed Contracts Schedule represents all liabilities of any nature of the Debtors arising under an Assumed Contract or Assumed Lease as of the date of the Bidding Procedures Order, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent, or otherwise*.

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU HAVE BEEN IDENTIFIED AS A COUNTERPARTY TO A POTENTIAL ASSUMED CONTRACT**. Under the terms of the Assumption and Assignment Procedures, (a) at or prior to the closing of a Sale Transaction, a Successful Bidder may elect, in its sole and absolute discretion, (i) to exclude any contract or lease on the Potential Assumed Contracts Schedule as an Assumed Contract or Assumed Lease, as applicable (in which case it shall become an Excluded Contract or Excluded Lease, as applicable, and will not reduce the purchase price) or (ii) to include on its Proposed Assumed Contracts Schedule any contract or lease listed on the Potential Assumed Contracts Schedule, so long as such Successful Bidder is paying the Cure Costs therefor, by providing to the Debtors written notice of its election to exclude or include such contract or lease, as applicable, (b) if the Debtors or any Successful Bidder identify during the pendency of the Chapter 11 Cases (before the closing of the Sale Transaction) any contract or lease that is not listed on the Proposed Assumed Contracts Schedule, and such contract or lease has not been rejected by the Debtors, so long as the Successful Bidder is paying the Cure Costs therefor, each Successful Bidder may in its sole and absolute discretion elect by written notice to the Debtors to treat such contract or lease as an Assumed Contract or Assumed Lease, as applicable, and the Debtors shall seek to assume and assign such Assumed Contract or Assumed Lease in accordance with the Bidding Procedures, and (c) the Debtors may, in accordance the applicable purchase agreement, or as otherwise agreed by the Debtors and the Successful Bidder(s), at any time before the closing of a Sale Transaction, modify the previously stated Cure Costs associated with any Proposed Assumed Contract. The Assumption and Assignment Procedures further provide that any Counterparty whose previously-stated Cure Cost is modified will receive notice thereof and an opportunity to file a Supplemental Assignment Objection. **The assumption and assignment of the Contracts and Leases on the Potential Assumed Contracts Schedule is**

**not guaranteed and is subject to approval by the Court and the Debtors' or Successful Bidder's right to remove an Assumed Contract or Assumed Lease from the Potential Assumed Contracts Schedule and Proposed Assumed Contracts Schedule.**

### Obtaining Additional Information

Copies of the Bidding Procedures Motion and the Bidding Procedures Order, as well as all related exhibits (including the Bidding Procedures) and all other documents filed with the Court, are available free of charge on the Debtors' case information website, located at *https://dm.epiq11.com/SouthernFoods* or can be requested by email at DeanInfo@epiqglobal.com.

### Filing Assumption and Assignment Objections

Pursuant to the Assumption and Assignment Procedures, objections to the potential assumption and assignment of an Assumed Contract or Assumed Lease (an "**Assumption and Assignment Objection**") with respect to the Debtors' proposed Cure Costs, if any, or the ability of a Successful Bidder to provide adequate assurance of future performance must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules, (c) state, with specificity, the legal and factual bases thereof, including, if applicable, the Cure Cost that the Counterparty believes is required to cure defaults under the relevant Assumed Contract or Assumed Lease, and (d) by no later than **April 1, 2020 at 12:00 p.m. (prevailing Central Time**) (the "**Assumption and Assignment Objection Deadline"**), (i) be filed with the Court and (ii) be served on (A) counsel to the Debtors, (1) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Brian M. Resnick, Steven Z. Szanzer, and Nate Sokol and (2) Norton Rose Fulbright US LLP, 1301 McKinney Street, Suite 5100, Houston, Texas 77010, Attn: William Greendyke, Jason L. Boland, Robert B. Bruner, and Julie Harrison, (B) (1) counsel to the DIP Agent and the Prepetition Agent, White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: Scott Greissman, Philip Abelson, and Elizabeth Feld and (2) Gray Reed, 1300 Post Oak Blvd, Suite 2000, Houston, TX 77056, Attn: Jason S. Brookner, (C) counsel to the Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Philip Dublin and Meredith Lahaie, and (D) the U.S. Trustee (collectively, the "**Objection Notice Parties**").

Pursuant to the Assumption and Assignment Procedures, objections to the potential assumption and assignment of an Assumed Contract or Assumed Lease by a party whose contract or lease is listed on a Supplemental Assumption and Assignment Notice (a "**Supplemental Assumption and Assignment Objection**") with respect to the ability of a Successful Bidder to provide adequate assurance of future performance or relating to the Cure Costs (to the extent modified form the previously-stated amount) must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules, (c) state, with specificity, the legal and factual bases thereof, and (d) by no later than 14 days from the date of service of such Supplemental Assumption and Assignment Notice, (i) be filed with the Court and (ii) be served on the Objection Notice Parties.

Objections to a Sale Order or a Sale Transaction (collectively, the "**Sale Objections**") must (a) be in writing, (b) state, with specificity, the legal and factual bases thereof, (c) comply

with the Bankruptcy Code, Bankruptcy Rules and Local Rules, and (d) **April 1, 2020 at 12:00 p.m. (prevailing Central Time)** by (the "**Sale Objection Deadline**") be (i) filed with the Court and (ii) served on the Objection Notice Parties.

A hearing to consider the proposed Sale Transaction will be held before the Court on **April 3, 2020 at** 9**:00 a.m. (prevailing Central Time)** or such other date as determined by the Court at 515 Rusk St., Houston, Texas 77002.

### **CONSEQUENCES OF FAILING TO TIMELY ASSERT AN OBJECTION**

*Any Counterparty to a contract or lease who fails to timely make an objection to the potential assumption and assignment of such contract or lease on or before the Assumption and Assignment Objection Deadline in accordance with the Assumption and Assignment Procedures, the Bidding Procedures Order, and this Notice (or in the case of a Supplemental Assumption and Assignment Objection, by 14 days from the date of service of such Supplemental Assumption and Assignment Notice) shall be deemed to have consented to the assumption and assignment of such contract or lease, including the Cure Costs (if any) set forth in the Potential Assumption and Assignment Notice or Supplemental Assumption and Assignment Notice, and shall be forever barred from asserting any objection or claims against the Debtors, the Successful Bidder(s), or the property of any such parties, relating to the assumption and assignment of such contract or lease, including asserting additional Cure Costs with respect to such contract or lease. Notwithstanding anything to the contrary in such contract or lease, or any other document, the Cure Costs set forth in the Potential Assumption and Assignment Notice or Supplemental Assumption and Assignment Notice shall be controlling and will be the only amount necessary to cure outstanding defaults under the applicable Assumed Contract or Assumed Lease under section 365(b) of the Bankruptcy Code as of the date of the Bidding Procedures Order, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent, or otherwise.*

Dated:  March 19, 2020
        Houston, Texas

                                     Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

*/s/ William R. Greendyke*
William R. Greendyke (SBT 08390450)
Jason L. Boland (SBT 24040542)
Robert B. Bruner (SBT 24062637)
Julie Goodrich Harrison (SBT 24092434)
1301 McKinney Street, Suite 5100
Houston, Texas 77010-3095
Tel.:  (713) 651-5151
Fax:  (713) 651-5246
william.greendyke@nortonrosefulbright.com
jason.boland@nortonrosefulbright.com
bob.bruner@nortonrosefulbright.com
julie.harrison@nortonrosefulbright.com

*-and-*

**DAVIS POLK & WARDWELL LLP**

Brian M. Resnick (admitted *pro hac vice*)
Elliot Moskowitz (admitted *pro hac vice*)
Steven Szanzer (admitted *pro hac vice*)
Nate Sokol (admitted *pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Fax: (212) 701-5800
brian.resnick@davispolk.com
elliot.moskowitz@davispolk.com
steven.szanzer@davispolk.com
nathaniel.sokol@davispolk.com

*Counsel to the Debtors and Debtors in Possession*