## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| SOUTHERN FOODS GROUP, LLC, *et al.*[1] | § § | Case No. 19-36313 (DRJ) |
| Debtors. | § § § | (Jointly Administered) |

### MEMORANDUM OF THE STOP & SHOP SUPERMARKET COMPANY LLC AND FOOD LION LLC REGARDING PRIVATE RIGHTS OF ACTION TO CHALLENGE ANTI-COMPETITIVE MERGERS AND ENFORCE THE ANTITRUST LAWS

During the March 12, 2020 hearing before the United States Bankruptcy Court for the Southern District of Texas (the "Court"), The Stop & Shop Supermarket Company LLC and Food Lion LLC ("Retailers") noted significant antitrust concerns regarding the proposed acquisition of the Debtor's milk processing assets by Dairy Farmers of America, Inc. ("DFA"). In response, the Court inquired into whether a private right of action exists to challenge anti-competitive mergers and requested a written memorandum detailing what private rights Retailers might have under the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southern Foods Group, LLC (1364); Dean Foods Company (9681); Alta-Dena Certified Dairy, LLC (1347); Berkeley Farms, LLC (8965); Cascade Equity Realty, LLC (3940); Country Fresh, LLC (6303); Dairy Information Systems Holdings, LLC (9144); Dairy Information Systems, LLC (0009); Dean Dairy Holdings, LLC (9188); Dean East II, LLC (9192); Dean East, LLC (8751); Dean Foods North Central, LLC (7858); Dean Foods of Wisconsin, LLC (2504); Dean Holding Company (8390); Dean Intellectual Property Services II, Inc. (3512); Dean International Holding Company (9785); Dean Management, LLC (7782); Dean Puerto Rico Holdings, LLC (6832); Dean Services, LLC (2168); Dean Transportation, Inc. (8896); Dean West II, LLC (9190); Dean West, LLC (8753); DFC Aviation Services, LLC (1600); DFC Energy Partners, LLC (3889); DFC Ventures, LLC (4213); DGI Ventures, Inc. (6766); DIPS Limited Partner II (7167); Franklin Holdings, Inc. (8114); Fresh Dairy Delivery, LLC (2314); Friendly's Ice Cream Holdings Corp. (7609); Friendly's Manufacturing and Retail, LLC (9828); Garelick Farms, LLC (3221); Mayfield Dairy Farms, LLC (3008); Midwest Ice Cream Company, LLC (0130); Model Dairy, LLC (7981); Reiter Dairy, LLC (3675); Sampson Ventures, LLC (7714); Shenandoah's Pride, LLC (2858); Steve's Ice Cream, LLC (6807); Suiza Dairy Group, LLC (2039); Tuscan/Lehigh Dairies, Inc. (6774); Uncle Matt's Organic, Inc. (0079); and Verifine Dairy Products of Sheboygan, LLC (7200). The debtors' mailing address is 2711 North Haskell Avenue, Suite 3400, Dallas, TX 75204.

antitrust laws in order to help determine next steps in the bankruptcy process.   Retailers respectfully submit this brief memorandum to respond to the Court's inquiry.

As has been previously raised in this case, acknowledged by the Court, and outlined by Retailers in their Objection filed on March 9, 2020 [Docket No. 1065], an acquisition by DFA of the Debtors' assets would raise substantial antitrust concerns.  While Retailers are confident that the U.S. Department of Justice's ongoing investigation, review, and ability to challenge a potential transaction will address many of those concerns, as outlined in Assistant Attorney General Makan Delrahim's March 11, 2020 letter, it is important to note that the antitrust laws also afford Retailers a private right of action to address any antitrust concerns that they may have independently.

Indeed, Section 7 of the Clayton Act prohibits certain acquisitions where "the effect of such acquisition may be substantially to lessen competition, or to tend to create a monopoly." 15 U.S.C. §18.  This provision applies to asset sales in bankruptcy.  *See, e.g.*, *In re AMR Corp.*, 527 B.R. 874, 882 (Bankr. S.D.N.Y. 2015).  Any individual, including Retailers, has the right to enforce this prohibition by filing a lawsuit in federal district court.  Section 16 of the Clayton Act gives any "person, firm, corporation, or association" the ability to file such a lawsuit for injunctive relief to protect itself against "threatened loss or damage by a violation of the antitrust laws," including under Section 7 of the Clayton Act.  15 U.S.C. § 26.  The U.S. Supreme Court has recognized this private right of action and has observed that there are "no restrictions or exceptions to the forms of injunctive relief a private plaintiff may seek or a court may order" under this provision. *California v. Am. Stores Co.,* 495 U.S. 271, 271 (1990).

Retailers believe that if DFA were to acquire the Debtor's assets, such acquisition would likely violate Section 7 of the Clayton Act and/or other antitrust laws due to the substantial

reduction in competition in both the raw and processed milk markets caused by such acquisition,[2] particularly in light of the extensive history of collusive and anti-competitive behavior by both Debtors and DFA in the relevant markets.[3]  It is possible that the U.S. Department of Justice's ongoing review may resolve these concerns, and Retailers intend to cooperate with that review. However, Retailers also believe it is important that any bankruptcy process recognize their independent right to challenge the proposed acquisition in federal district court under the Clayton Act and/or other provisions of antitrust law.

Dated: March 20, 2020

**HUNTON ANDREWS KURTH, LLP**

*/s/ Timothy A. ("Tad") Davidson II*
Timothy A. ("Tad") Davidson II
(Texas Bar No. 24012503)
600 Travis Street, Suite 4200
Houston, Texas  77002
Tel:    713-220-4200
Fax:    713-220-4285
Email: taddavidson@HuntonAK.com

-and-

Gregory G. Hesse (Texas Bar No. 09549419)
1445 Ross Avenue, Suite 3700
Dallas, Texas  75202
Tel:    214-979-3000
Fax:    214-880-0011
Email: ghesse@HuntonAK.com

*Counsel for The Stop & Shop Supermarket Company LLC and Food Lion LLC*

---

[2]   DFA's purchase of the Debtors' assets may also violate other provisions of Antitrust Law. Retailers reserve all rights with respect to any claims it may have under applicable law.

[3]   *See In re Southeastern Milk Antitrust Litigation,* 801 F. Supp. 2d 705 (E.D. Tenn. 2011); *Allen v. Dairy Farmers of Am., Inc.,* 748 F. Supp. 2d 323 (D. Vt. 2010); *First Impressions Salon, Inc. v. Nat'l Milk Producers Fed'n*, 214 F. Supp. 3d 723 (S.D. Ill. 2016).

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on March 20, 2020, a true and correct copy of the foregoing document was served via the Court's CM/ECF notification system on the parties registered to receive electronic notices in this case.

By:     <u>*/s/ Timothy A. ("Tad") Davidson II*</u>
        Timothy A. ("Tad") Davidson II