## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| SOUTHERN FOODS GROUP, LLC, *et al.*[1] | § § | Case No. 19-36313 (DRJ) |
| Debtors. | § § § | (Jointly Administered) |

### LIMITED OBJECTION OF THE STOP & SHOP SUPERMARKET COMPANY LLC AND FOOD LION LLC TO DEBTORS' MOTION FOR ENTRY OF ORDER APPROVING SALE OF DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES TO DAIRY FARMERS OF AMERICA
#### (Relates to Docket Nos. 925, 1178, 1270, and 1278)

The Stop & Shop Supermarket Company LLC ("**Stop & Shop**") and Food Lion LLC

("**Food Lion**" and collectively with Stop & Shop, the "**Retailers**") hereby file this limited

objection to the above-captioned debtors' (the "**Debtors**" or "**Dean Foods**") proposed sale of

assets free and clear of liens, claims, interests, and encumbrances (the "**DFA Sale**") to Dairy

Farmers of America, Inc. ("**DFA**"), and respectfully states as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southern Foods Group, LLC (1364); Dean Foods Company (9681); Alta-Dena Certified Dairy, LLC (1347); Berkeley Farms, LLC (8965); Cascade Equity Realty, LLC (3940); Country Fresh, LLC (6303); Dairy Information Systems Holdings, LLC (9144); Dairy Information Systems, LLC (0009); Dean Dairy Holdings, LLC (9188); Dean East II, LLC (9192); Dean East, LLC (8751); Dean Foods North Central, LLC (7858); Dean Foods of Wisconsin, LLC (2504); Dean Holding Company (8390); Dean Intellectual Property Services II, Inc. (3512); Dean International Holding Company (9785); Dean Management, LLC (7782); Dean Puerto Rico Holdings, LLC (6832); Dean Services, LLC (2168); Dean Transportation, Inc. (8896); Dean West II, LLC (9190); Dean West, LLC (8753); DFC Aviation Services, LLC (1600); DFC Energy Partners, LLC (3889); DFC Ventures, LLC (4213); DGI Ventures, Inc. (6766); DIPS Limited Partner II (7167); Franklin Holdings, Inc. (8114); Fresh Dairy Delivery, LLC (2314); Friendly's Ice Cream Holdings Corp. (7609); Friendly's Manufacturing and Retail, LLC (9828); Garelick Farms, LLC (3221); Mayfield Dairy Farms, LLC (3008); Midwest Ice Cream Company, LLC (0130); Model Dairy, LLC (7981); Reiter Dairy, LLC (3675); Sampson Ventures, LLC (7714); Shenandoah's Pride, LLC (2858); Steve's Ice Cream, LLC (6807); Suiza Dairy Group, LLC (2039); Tuscan/Lehigh Dairies, Inc. (6774); Uncle Matt's Organic, Inc. (0079); and Verifine Dairy Products of Sheboygan, LLC (7200). The debtors' mailing address is 2711 North Haskell Avenue, Suite 3400, Dallas, TX 75204.

## PRELIMINARY STATEMENT

1.      As the Retailers have expressed to the Court on several occasions, the Retailers have serious concerns about the destruction of competition and restraints of trade that will result from a combination of Dean Foods and DFA.  These concerns have been echoed by the Department of Justice, the Official Committee of Unsecured Creditors (the "**Committee**"), and the Court itself.[2]  The Retailers possess a private right of action to sue for relief to protect themselves from threatened loss or damage in violation of the antitrust laws.  Yet the DFA Sale purports to strip those rights away from the Retailers.  The Court should decline to approve the DFA Sale without ensuring that these rights are preserved.

## BACKGROUND

2.      Stop & Shop and Food Lion collectively own and operate over 1,400 supermarkets in New England, the Mid-Atlantic and the Southeastern United States.  In the ordinary course of their business, the Retailers purchase processed milk and other dairy products directly from the Debtors and DFA for retail sale at certain of their supermarket stores.

3.      On March 31, 2020, the Debtors filed the *Notice of Bid Results* (the "**Bid Results**") [Docket No. 1270], which announced that DFA was the successful bidder for the majority of the Debtors milk processing facilities.  The Debtors also filed a copy of the asset purchase agreement between the Debtors and DFA [Docket No. 1278] and a copy of the proposed order approving the DFA Sale [Docket No. 1350].

## LIMITED OBJECTION

4.      The Retailers have significant concerns that the DFA Sale will result in a monopoly for both raw and processed milk and other dairy products in various markets and an unreasonable

---

[2]      Bid Procedures Hr'g Tr. 63:19-66:20, 74:18-75:8 (Mar. 12, 2020) (The relevant excerpts of this transcript are attached as **Exhibit A**); First Day H'rg Tr. 21:24-22:2, 64:16-65:20 (Nov. 13, 2019) [Docket No. 270].

restraint of trade in violation of the antitrust laws.  The Debtors are already "the largest processor and direct-to-store distributor of fresh fluid milk and other dairy and dairy case products in the United States."[3]  DFA is the largest single raw milk supplier to the Debtors and the largest milk cooperative in the country.[4]  DFA also already operates many milk processing and distribution facilities.  A combination of the Debtors and DFA will result in a company that is both the largest raw milk supplier and the largest processed milk distributor in the country, which will significantly reduce competition for fluid milk and other dairy products in several relevant markets in which the Retailers operate.

5.      The Retailers have previously raised these concerns regarding the DFA Sale.  On March 9, 2020, the Retailers filed an objection to the Debtors' proposed bid procedures and approval of the designation of DFA as the stalking horse bidder [Docket No. 1065].  On March 20, 2020, at the request of the Court, the Retailers filed a memorandum outlining their private rights of action under the antitrust laws [Docket No. 1186].  The Department of Justice has also noted that the DFA Sale raises significant antitrust concerns, stating in a letter to the Committee that "an acquisition of Dean by DFA appears to pose a serious risk of anticompetitive harm."[5]

6.      Indeed, both the Debtors and DFA have a history of anticompetitive behavior.[6]  As a result of this conduct, for example, the Debtors already dominate the Southeastern United States processed milk and other dairy markets where Food Lion owns and operates its supermarkets.  Further consolidation of the market through the DFA Sale will only increase the monopoly power

---

[3]    Decl. of Gary Rahlfs in Support of Debtors' Chapter 11 Proceedings and First Day Pleadings (Rahlfs Decl.) [Docket No. 46] ¶ 8.

[4]    *Id.* at ¶ 5.

[5]    Supp. Obj. of the Official Comm. of Unsecured Creditors, Exh. A [Docket No. 1111].

[6]    *See In re Southeastern Milk Antitrust Litigation,* 801 F. Supp. 2d 705 (E.D. Tenn. 2011); *Allen v. Dairy Farmers of Am., Inc.,* 748 F. Supp. 2d 323 (D. Vt. 2010); *First Impressions Salon, Inc. v. Nat'l Milk Producers Fed'n*, 214 F. Supp. 3d 723 (S.D. Ill. 2016).

of DFA/Dean Foods and allow it to significantly raise the costs of its rivals, thereby further reducing competition in the marketplace.

7.    Section 7 of the Clayton Act provides that no person "shall acquire the whole or any part of the assets of another person engaged also in commerce . . . where in any line of commerce or in any activity affecting commerce in any section of the country, the effect of such acquisition may be substantially to lessen competition, or to tend to create a monopoly."[7]  This provision applies to asset sales in bankruptcy.[8]  The Retailers contend that the DFA Sale violates this section of the Clayton Act due to the reduction in competition in the raw and processed milk and other dairy markets caused by the combination of the Debtors and DFA's businesses.[9]

8.    Any individual, including the Retailers, has the right to enforce this prohibition by filing a lawsuit in federal district court.  Section 16 of the Clayton Act gives any "person, firm, corporation, or association" the ability to file such a lawsuit for injunctive relief to protect itself against "threatened loss or damage by a violation of the antitrust laws," including under Section 7 of the Clayton Act.[10]  The U.S. Supreme Court has recognized this private right of action and has observed that there are "no restrictions or exceptions to the forms of injunctive relief a private plaintiff may seek or a court may order" under this provision.[11]

9.    The Retailers believe the DFA Sale will violate Section 7 of the Clayton Act (and potentially other antitrust laws) due to the substantial reduction in competition in both the raw and

---

[7]    15 U.S.C. § 18.

[8]    *See, e.g.*, *In re AMR Corp.*, 527 B.R. 874, 882 (Bankr. S.D.N.Y. 2015) (addressing Section 7 of the Clayton Act with respect to a merger in bankruptcy).

[9]    DFA's purchase of the Debtors' assets may also violate other provisions of the antitrust laws.  This example is provided purely for illustrative purposes, and the Retailers reserve all rights with respect to any claims they may have under applicable law.

[10]    15 U.S.C. § 26.

[11]    *California v. Am. Stores Co.,* 495 U.S. 271, 271 (1990).

processed milk and other dairy markets caused by such acquisition, particularly in light of the extensive history of collusive and anti-competitive behavior by both the Debtors and DFA in the relevant markets.  It is possible that the U.S. Department of Justice's ongoing review may resolve these concerns, and the Retailers intend to cooperate with that review.  However, the Retailers also believe it is important that any bankruptcy process recognize their independent right to challenge the proposed acquisition in federal district court under the Clayton Act and other provisions of antitrust law.

10.     At the March 12, 2020 hearing to approve the bid procedures, the Retailers raised these concerns and the Court noted that it would take the Retailers rights under the antitrust laws into account.[12]  Now that the Debtors have selected DFA as the successful bidder for the vast majority of their milk processing facilities, the Retailers' concerns have become a reality.  Indeed, the proposed order authorizing the DFA Sale states that the sale will be free and clear of all claims and liens and the transfer of the assets will not subject DFA to any liability for any claims, including antitrust claims.[13]  The Retailers have a private right of action under the antitrust laws to sue to prevent the harms to competition from the DFA Sale, and the Retailers do not consent to the transfer of the Debtors' assets free and clear of their claims.  Therefore, the Could should not approve the DFA Sale without including the following language in the order that makes it clear that the DFA Sale does not prejudice the rights of the Retailers under the antitrust laws:

> Notwithstanding anything to the contrary contained herein, no provision of this Order or the APA shall operate to impair, prejudice, or otherwise abrogate the rights of The Stop & Shop Supermarket Company LLC and Food Lion LLC, and any of their affiliates, subsidiaries, successors, or assigns, to seek relief against the Debtors and the Buyer under the antitrust laws of the United States. All such rights are explicitly reserved pursuant to this Order.

---

[12]   Bid Procedures Hr'g Tr. 89:1-10 (Mar. 12, 2020).

[13]   Proposed Order ¶ AA [Docket No. 1350-1].

<u>**CONCLUSION**</u>

11.     For the reasons stated above, the Court should not approve the DFA Sale unless the

Retailers' rights under the antitrust laws are preserved.

Dated: April 1, 2020
        Houston, Texas                          **HUNTON ANDREWS KURTH, LLP**


                                                */s/ Timothy A. ("Tad") Davidson II*
                                                Timothy A. ("Tad") Davidson II
                                                (Texas Bar No. 24012503)
                                                Philip M. Guffy
                                                (Texas Bar No. 24113705)
                                                600 Travis Street, Suite 4200
                                                Houston, Texas  77002
                                                Tel:    713-220-4200
                                                Fax:    713-220-4285
                                                Email: taddavidson@HuntonAK.com
                                                        pguffy@HuntonAK.com

                                                -and-

                                                Gregory G. Hesse
                                                (Texas Bar No. 09549419)
                                                1445 Ross Avenue, Suite 3700
                                                Dallas, Texas  75202
                                                Tel:    214-979-3000
                                                Fax:    214-880-0011
                                                Email: ghesse@HuntonAK.com

                                                *Counsel for The Stop & Shop Supermarket*
                                                *Company LLC and Food Lion LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 1, 2020, a true and correct copy of the foregoing document was served via the Court's CM/ECF notification system on the parties registered to receive electronic notices in this case.

By:    /s/ *Timothy A. ("Tad") Davidson II*
Timothy A. ("Tad") Davidson II