IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SOUTHERN FOODS GROUP, LLC, *et al.*, | ) ) ) | Case No. 19-36313 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) |

**Limited Objection by the United States to Sales of Debtors' Assets**
**(Related to Doc. Nos. 925 and 1178)**

**To the Honorable David R. Jones,**
**Chief United States Bankruptcy Judge:**

The United States of America makes this limited objection to the sales proposed by the Debtors.

### Summary

The United States makes this limited objection to the proposed sales to ensure that nothing in the sale orders improperly alters the application of non-bankruptcy law.

### Objection

The United States makes this objection to raise a number of concerns: (a) the Debtors and the buyers must manage and operate the assets to be sold in compliance with applicable non-bankruptcy law, (b) governmental licenses, permits, and contracts cannot be assigned without compliance with applicable non-bankruptcy law, (c) the Court cannot divest another tribunal of jurisdiction, and (d) nothing in the sale order should alter the United States' recoupment and/or setoff rights. The

1

United States continues to negotiate concerning the proposed form of sale orders, but it files this limited objection to preserve its rights.

First, just as a debtor may not rely on bankruptcy law to avoid compliance with non-bankruptcy law, a purchaser of property may not rely on bankruptcy law to do the same. 28 U.S.C. 959; *see In re General Motors Corp.*, 407 B.R. 463 (Bankr. S.D. N.Y. 2009) (sale "free and clear" could not excuse compliance with environmental law after sale); *see Matter of CMC Heartland Partners*, 966 F.2d 1143, 1146 (7th Cir. 1992) (reorganized debtor was not discharged from future compliance with environmental law). To the extent either one or more Debtors or one or more buyers seek entry of an order that would excuse compliance with applicable non-bankruptcy law, the United States objects.

Second, contracts with the United States may not be assigned without the United States' consent. 41 U.S.C. § 6305.[1] Moreover, some licenses and permits issued by governmental units are not "executory contracts" or "unexpired leases" that can be assigned under 11 U.S.C. § 365. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 522 n. 6 (1984) (discussing definition of "executory contract"); *In re Particle Drilling Technologies, Inc.*, 2009 WL 2382030 at *4, Case No. 09-33744 (Bankr. S.D. Tex. July 29, 2009) (discussing "Countryman" definition); *In re C.M. Turtur Investments, Inc.*, 93 B.R. 526, 532 (Bankr. S.D. Tex. 1988).[2] The United States

---

[1] *But see In re Mirant Corp.*, 440 F.3d 238 (5th Cir. 2006) (Anti-Assignment Act did not prohibit debtor from assuming contract with United States). *Mirant* is distinguishable because it did not involve a transfer of a federal contract. *Id.* at 253-54. The United States cites it out of an abundance of caution, but it does not apply where a debtor seeks to assign a federal contract.

[2] An executory contract is "a bilateral agreement under which the obligation of both the bankruptcy and the other contracting party remain so far unperformed that a failure of either to make complete

objects to the entry of any orders that would compel the United States to accept the assignment of a contract, permit, or license in violation of applicable non-bankruptcy law.[3]

Third, the Debtors propose that this Court "shall retain exclusive jurisdiction" over a range of potential future disputes related to the sales. *E.g.*, [Doc. No. 1350-1, pp. 35-36, ¶¶ 32 and 35. While this Court may retain jurisdiction to enforce its own orders, it cannot divest another tribunal of jurisdiction. 28 U.S.C. § 1334(b) (granting "original *but not exclusive* jurisdiction" (emphasis added); *see Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (discussing jurisdiction of bankruptcy court to interpret and enforce prior orders); *In re Skyline Woods Country Club*, 636 F.3d 467, 471 (8th Cir. 2011) (discussing concurrent jurisdiction of state court). The United States objects to this Court entering sale orders that purport to retain exclusive jurisdiction over future disputes.

Fourth, the United States wants to ensure that nothing in the sale orders might be interpreted to affect its setoff and/or recoupment rights later. Setoff rights are to be preserved in bankruptcy. 11 U.S.C. § 553; *see I.R.S. v. Luongo (Matter of Luongo)*, 259 F.3d 323, 333 (5th Cir. 2001).

---

performance would constitute 'material' breach excusing performance of the other." *In re Dixon*, 990 F.2d 626 n. 3 (5th Cir. 1993). A license or permit issued by a governmental unit often does not encompass ongoing obligations by governmental units, excluding many licenses and permits from the definition of "executory contract."

[3] The approved bid procedures required each bid to identify governmental approvals, permits, and licenses that needed to be assigned. [Doc. No. 1178, p. 19]. If any of the buyers seek to acquire governmental permits or licenses that are not disclosed in their bid(s), the United States objects to the bid as not complying with the procedures approved by this Court.

Accordingly, until and unless the issues above are resolved before the hearing, the United States requests that the Court decline entry of orders approving the proposed sales. The United States additionally requests such other and further relief to which it is entitled at law or in equity.

Dated: April 1, 2020.

    Respectfully submitted,

    RYAN K. PATRICK,
    United States Attorney

By:   *s/ Richard A. Kincheloe*
    Richard A. Kincheloe
    Assistant United States Attorney
    United States Attorney's Office
    Southern District of Texas
    Texas Bar No. 24068107
    S.D. Tex. ID No. 1132346
    1000 Louisiana St., Suite 2300
    Houston, Texas 77002
    Telephone: (713) 567-9422
    Facsimile: (713) 718-3033
    Email: Richard.Kincheloe@usdoj.gov

    I-Heng Hsu
    Department of Justice
    Commercial Litigation Branch
    Civil Division
    P.O. Box 875, Ben Franklin Station
    Washington, D.C. 20044-0875
    Telephone: (202) 616-3619
    Facsimile: (202) 514-9163
    Email: i-heng.hsu@usdoj.gov

    **Attorneys for the United States**

## Certificate of Service

The undersigned certifies that he served a true and correct copy of the foregoing Objection on the parties receiving ECF notice in this case by ECF notice on April 1, 2020.

                                       _s/ Richard A. Kincheloe_
                                       Richard A. Kincheloe
                                       Assistant United States Attorney