IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SOUTHERN FOODS GROUP, LLC, *et al.*[1] | § | Case No. 19-36313 (DRJ) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**ORDER GRANTING EMERGENCY MOTION
OF FOOD LION LLC AND MARYLAND AND VIRGINIA MILK
PRODUCERS COOPERATIVE ASSOCIATION, INC. FOR RELIEF FROM THE
AUTOMATIC STAY TO ALLOW COMMENCEMENT OF ANTITRUST ACTION**
[Relates to the Motion at Docket No. __]

Upon the emergency motion for relief from the automatic stay (the "**Motion**")[2] filed by Food Lion LLC ("**Food Lion**") and Maryland and Virginia Milk Producers Cooperative Association, Inc. ("**MDVA**" and together with Food Lion, "**Movants**"); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southern Foods Group, LLC (1364); Dean Foods Company (9681); Alta-Dena Certified Dairy, LLC (1347); Berkeley Farms, LLC (8965); Cascade Equity Realty, LLC (3940); Country Fresh, LLC (6303); Dairy Information Systems Holdings, LLC (9144); Dairy Information Systems, LLC (0009); Dean Dairy Holdings, LLC (9188); Dean East II, LLC (9192); Dean East, LLC (8751); Dean Foods North Central, LLC (7858); Dean Foods of Wisconsin, LLC (2504); Dean Holding Company (8390); Dean Intellectual Property Services II, Inc. (3512); Dean International Holding Company (9785); Dean Management, LLC (7782); Dean Puerto Rico Holdings, LLC (6832); Dean Services, LLC (2168); Dean Transportation, Inc. (8896); Dean West II, LLC (9190); Dean West, LLC (8753); DFC Aviation Services, LLC (1600); DFC Energy Partners, LLC (3889); DFC Ventures, LLC (4213); DGI Ventures, Inc. (6766); DIPS Limited Partner II (7167); Franklin Holdings, Inc. (8114); Fresh Dairy Delivery, LLC (2314); Friendly's Ice Cream Holdings Corp. (7609); Friendly's Manufacturing and Retail, LLC (9828); Garelick Farms, LLC (3221); Mayfield Dairy Farms, LLC (3008); Midwest Ice Cream Company, LLC (0130); Model Dairy, LLC (7981); Reiter Dairy, LLC (3675); Sampson Ventures, LLC (7714); Shenandoah's Pride, LLC (2858); Steve's Ice Cream, LLC (6807); Suiza Dairy Group, LLC (2039); Tuscan/Lehigh Dairies, Inc. (6774); Uncle Matt's Organic, Inc. (0079); and Verifine Dairy Products of Sheboygan, LLC (7200). The debtors' mailing address is 2711 North Haskell Avenue, Suite 3400, Dallas, TX 75204.

[2] Capitalized terms used herein but not defined shall have the meanings ascribed to such terms in the Motion.

of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the granting of the relief requested in the Motion in accordance with the terms set forth herein is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that notice of the Motion was appropriate under the circumstances and no other notice need be provided; and upon consideration of the forgoing and all proceedings had before the Court, and after due deliberation and sufficient cause appearing therefore:

**IT IS HEREBY ORDERED THAT:**

1. The automatic stay imposed by the filing of these proceedings under Section 362(a) of the Bankruptcy Code is modified in part solely to allow Movants to commence an antitrust action in the United States District Court to challenge the sale of the Debtors' assets to Dairy Farmers of America, Inc. The stay is further modified to allow all parties to such action to prosecute all claims and defenses in such action, and to allow the District Court to hear all matters related to such action, to enter any orders related to such action, and to enter final judgment in such action.

2. Subject to paragraph (1), the automatic stay under Section 362 of the Bankruptcy Code shall otherwise remain in full force and effect.

3. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), this Order shall be immediately effective and enforceable upon entry.

4. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Order.

Signed: _____

David R. Jones
United States Bankruptcy Judge