**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>SOUTHERN FOODS GROUP, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-36313 (DRJ)<br><br>Jointly Administered<br><br>**Related Docket Nos. 925, 1183, 1393, 1594, 1762** |

**SUPPLEMENT TO VIDEOJET TECHNOLOGIES INC.'S LIMITED
OBJECTION TO NOTICE OF POTENTIAL ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES
AND CURE COSTS AND DEBTORS' PROPOSED SALE(S) OF ASSETS**

Videojet Technologies Inc. ("Videojet"), by and through its undersigned counsel, hereby submits this supplement (the "Videojet Supplemental Objection") to *Videojet Technologies Inc.'s Limited Objection to Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Costs and Debtors' Proposed Sale(s) of Assets* [Docket No. 1393] (the "Videojet Objection") and, by this Videojet Supplemental Objection, hereby objects to the *Notice of Proposed Assumption and Assignment of Executory Contracts and*

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southern Foods Group, LLC (1364); Dean Foods Company (9681); Alta-Dena Certified Dairy, LLC (1347); Berkeley Farms, LLC (8965); Cascade Equity Realty, LLC (3940); Country Fresh, LLC (6303); Dairy Information Systems Holdings, LLC (9144); Dairy Information Systems, LLC (0009); Dean Dairy Holdings, LLC (9188); Dean East II, LLC (9192); Dean East, LLC (8751); Dean Foods North Central, LLC (7858); Dean Foods of Wisconsin, LLC (2504); Dean Holding Company (8390); Dean Intellectual Property Services II, Inc. (3512); Dean International Holding Company (9785); Dean Management, LLC (7782); Dean Puerto Rico Holdings, LLC (6832); Dean Services, LLC (2168); Dean Transportation, Inc. (8896); Dean West II, LLC (9190); Dean West, LLC (8753); DFC Aviation Services, LLC (1600); DFC Energy Partners, LLC (3889); DFC Ventures, LLC (4213); DGI Ventures, Inc. (6766); DIPS Limited Partner II (7167); Franklin Holdings, Inc. (8114); Fresh Dairy Delivery, LLC (2314); Friendly's Ice Cream Holdings Corp. (7609); Friendly's Manufacturing and Retail, LLC (9828); Garelick Farms, LLC (3221); Mayfield Dairy Farms, LLC (3008); Midwest Ice Cream Company, LLC (0130); Model Dairy, LLC (7981); Reiter Dairy, LLC (3675); Sampson Ventures, LLC (7714); Shenandoah's Pride, LLC (2858); Steve's Ice Cream, LLC (6807); Suiza Dairy Group, LLC (2039); Tuscan/Lehigh Dairies, Inc. (6774); Uncle Matt's Organic, Inc. (0079); and Verifine Dairy Products of Sheboygan, LLC (7200). The debtors' mailing address is 2711 North Haskell Avenue, Suite 3400, Dallas, TX 75204.

*Unexpired Leases for Prairie Farms Dairy, Inc.* [Docket No. 1762] (the "Prairie Farms Dairy Notice"). In support of this Videojet Supplemental Objection, Videojet respectfully states as follows:

## PRELIMINARY STATEMENT

1. As noted in the Videojet Objection, Videojet, a maker and marketer of industrial printing equipment, generally supports the Debtors' sale of substantially all of their assets in these bankruptcy cases. By this Videojet Supplemental Objection, however, Videojet objects to the Prairie Farms Dairy Notice, as that notice does not include either (a) a clear and/or complete listing of all of the Videojet Equipment Leases and the Videojet Contracts that the Debtors propose to assume and assign thereunder or (b) accurate proposed cure amounts for those leases and contracts.[2]

2. To address these issues, Videojet includes with this Videojet Supplemental Objection a listing of the Videojet Equipment Leases and the Videojet Contracts that Videojet believes are or may be applicable to Prairie Farms Dairy, as well as Videojet cure amount information for each.

3. Videojet welcomes the opportunity to discuss and hopefully resolve these issues with both the Debtors and Prairie Farms Dairy.

## BACKGROUND

**I.    The Bankruptcy Cases and The Debtors' Sale Process**

4. On November 12, 2019 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") commenced their respective bankruptcy cases (the "Bankruptcy Cases") by filing voluntary petitions for relief under chapter 11 of title 11 of the

---

[2]    Capitalized terms used, but not defined, in the "Preliminary Statement" section of the Videojet Supplemental Objection shall have the means set forth otherwise in the Videojet Supplemental Objection.

United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). The Debtors' Bankruptcy Cases have been consolidated for procedural purposes only and are being jointly administered.

5. Upon information and belief, the Debtors have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On February 17, 2020, the Debtors filed the *Motion of Debtors for Entry of Orders (i)(a) Approving Bidding Procedures for Sale of Debtors' Assets, (b) Approving the Designation of Dairy Farmers of America, Inc. as the Stalking Horse Bidder for Substantially All of Debtors' Assets, (c) Authorizing and Approving Entry into the Stalking Horse Asset Purchase Agreement, (d) Approving Bid Protections, (e) Scheduling auction for, and Hearing to Approve, Sale of Debtors' Assets, (f) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (g) Approving Assumption and Assignment Procedures, and (h) Granting Related Relief and (ii)(a) Approving sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (b) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (c) Granting Related Relief* [Docket No. 925] (the "Sale Motion").

7. On March 18, 2020, the Debtors filed the *Debtors' Notice of Modified Proposed Bidding Procedures Order and Supplemental Reply* [Docket No. 1167].

8. On March 19, 2020, the Court entered the *Order (i) Approving Bidding Procedures for Sale of Debtors' Assets, (ii) Scheduling Hearing to Approve Sale of Debtors' Assets, (iii) Approving Form and Manner of Notices of Sale and Sale Hearing, (iv) Approving Assumption and Assignment Procedures, and (v) Granting Related Relief* [Docket No. 1178] (the "Bid Procedures Order").

9. Additionally, on March 19, 2020, the Debtors filed the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Costs* [Docket No. 1183] (the "Assumption and Assignment Notice").

10. On April 1, 2020, Videojet filed the Videojet Objection, thereby objecting to, among other things, the Assumption and Assignment Notice based upon (a) the incomplete listing therein of the Videojet Equipment Leases (as defined below) and the Videojet Contracts (as defined below) and (ii) the inaccurate proposed cure amounts for Videojet's leases and contracts. Videojet attached to the Videojet Objection as an exhibit the Videojet Schedule, which lists thirty-three Videojet Equipment Leases and Videojet Contracts (including lease and contract numbers) and proposed cure amounts current as of the time of the filing of the Videojet Objection and based on Videojet's records. The Videojet Objection is incorporated herein by reference.

11. On April 1, 2020, the Debtors filed the *Notice Regarding Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Costs* [Docket No. 1436].

12. On April 7, 2020, the Court entered the *Order (a) Authorizing Sale of Certain of Debtors' Assets to Prairie Farms Dairy, Inc. Free and Clear of All Claims, Liens, Interests, and Encumbrances, (b) Authorizing the Debtors to Enter into and Perform Their Obligations under the Asset Purchase Agreement and Related Documents, and (c) Granting Related Relief* [Docket No. 1594] (the "Prairie Farms Dairy Sale Order"), thereby approving, among other things, the sale of certain of the Debtors' assets to Prairie Farms Dairy, Inc. ("Prairie Farms Dairy").

13. On April 23, 2020, and as contemplated by the Prairie Farms Dairy Sale Order, the Debtors filed the Prairie Farms Dairy Notice.

## II.     Videojet: Videojet Equipment Leases and Videojet Contracts

14.     As set forth previously in the Videojet Objection, Videojet manufactures and markets coding and marking equipment and related supplies, and offers, among other products, continuous ink jets, laser marking, thermal transfer over printers, case coding and labeling, and thermal ink jets.  Videojet also provides maintenance and other services in connection with its industrial printer products.

15.     Prior to the Petition Date, Videojet entered into equipment leases and other service and parts and supplies purchase agreements with certain of the Debtors, including: (a) equipment leases with full care comprehensive service packages (the "Videojet Equipment Leases"); (b) service agreements (the "Videojet Service Agreements"); and (c) a master purchase agreement related to the purchase of supplies, parts and services (the "Videojet MPA" and, together with the Videojet Service Agreements, the "Videojet Contracts").

16.     On March 25, 2020, Videojet filed proofs of claim against certain of the Debtors for prepetition amounts owed to Videojet.

## OBJECTION

17.     With respect to the Prairie Farms Dairy Notice, Videojet raises the following objections:

**A.     The Prairie Farms Dairy Notice – The Debtors' List of Videojet Equipment Leases and Videojet Contracts Is Unclear and/or Incomplete and the Debtors' Proposed Cure Amounts Are Incorrect**

18.     Subject to the Debtors satisfying their burden of providing adequate assurance of future performance by Prairie Farms Dairy, Videojet does not oppose the potential assumption and assignment to Prairie Farms Dairy of certain applicable Videojet Equipment Leases and Videojet Contracts.  However, Videojet objects to the Prairie Farms Dairy Notice as the Debtors' list of Videojet Equipment Leases and Videojet Contracts is unclear and/or incomplete and the

proposed cure amounts (the "Debtors' Prairie Farms Dairy Proposed Cure Amounts") set forth therein are incorrect.

19. With respect to Videojet, the Prairie Farms Dairy Notice lists the following:

| Item | Counterparty | Debtor(s) | Contract Description |
|---|---|---|---|
| 7596 | Videojet Technologies Inc. | Southern Foods Group, LLC | Maintenance: Equipment |

Prairie Farms Dairy Notice, Schedule at p. 18 of 22.

| Item | Counterparty | Debtor(s) | Contract Description | Cure Amounts |
|---|---|---|---|---|
| 8071 | Videojet Technologies Inc. | Dean Foods North Central, LLC | Protective Package Agreement with Equipment Leasing Dated 12/27/2017 | $ - |

Prairie Farms Dairy Notice, Schedule at p. 22 of 22.

20. The foregoing is an incomplete listing of the Videojet Equipment Leases and the Videojet Contracts that are or may be applicable to Prairie Farms Dairy. Additionally, the Debtors' Proposed Prairie Farms Dairy Cure Amounts listed in those entries are incorrect.

21. Below is Videojet's list (the "Videojet Prairie Farms Dairy Schedule") of the Videojet Equipment Leases and the Videojet Contracts, along with cure amounts (the "Videojet Prairie Farms Dairy Cure Amounts"), for each of the Videojet Equipment Leases and the Videojet Contracts that are or may be applicable to Prairie Farms Dairy:

| Item | Debtor(s) | Contract Description | Contract Number | Cure Amounts |
|---|---|---|---|---|
| 11 | Dean Foods Company | Full Care Lease 941653<br><br>Tulsa, OK<br><br>4/8/2019 | 941653 | $7,691.88 |
| 18 | Southern Foods Group, LLC | Full Care Lease 932579<br><br>Hammond, LA | 932579 | $1,390.40 |

| | | 6/16/2016 | | |
|---|---|---|---|---|
| 19 | Southern Foods Group, LLC | Full Care Lease 933454<br><br>Hammond, LA<br><br>9/23/2016 | 933454 | $526.51 |
| 20 | Southern Foods Group, LLC | Service Contract 938444<br><br>Hammond, LA<br><br>4/1/2018 | 938444 | $752.15 |

22. The foregoing includes: (a) the "Item" number corresponding to the entry in the Videojet Schedule attached to the Videojet Objection; (b) the "Contract Description" from the entry in the Videojet Schedule, plus additional information regarding the Debtors' facility/location to which Videojet believes the listed Videojet Equipment Lease or Videojet Contract applies and date; and (c) the "Contract Number" as included in the Videojet Schedule.

23. The Videojet Prairie Farms Dairy Cure Amounts listed above are those amounts that were listed in the Videojet Schedule, which amounts were current as of the time of the filing of the Videojet Objection on April 1, 2020. Videojet is in the process of finalizing updated Videojet Prairie Farms Dairy Cure Amounts that will be current as of the filing of this Videojet Supplemental Objection and will supplement this information as soon as possible.

**B.    Section 365 of the Bankruptcy Code and the Debtors' Proposed Assumption and Assignment of Certain Videojet Equipment Leases and Videojet Contracts**

24. Pursuant to section 365(b)(1) of the Bankruptcy Code, "[i]f there has been a default in an executory or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—(A) cures, or provides adequate assurance that the trustee will promptly cure, such default… ." 11 U.S.C. § 365(b)(1)(A). Under this provision, a "cure" requires that all unpaid amounts due under

the applicable lease or contract have been paid. *See generally In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005).

25. Accordingly, Videojet requests that the Videojet Prairie Farms Dairy Schedule be (a) provided to Prairie Farms Dairy and (b) included in the filing of a supplemental notice of potential assumption and assignment of contracts and leases and cure amounts with respect to Prairie Farms Dairy. Additionally, unless and until the Videojet Prairie Farms Dairy Cure Amounts are paid with respect to a particular Videojet Equipment Lease and/or Videojet Contract, such lease and/or contract cannot be assumed by the Debtors and assigned to Prairie Farms Dairy.

## RESERVATION OF RIGHTS

26. Videojet reserves the right to supplement, modify and/or amend the foregoing Videojet Supplemental Objection (including, but not limited to, with respect to the Videojet Prairie Farms Dairy Cure Amounts), to introduce evidence at any hearing related to the Videojet Supplemental Objection and any proposed assumption and assignment of the Videojet Equipment Leases and the Videojet Contracts, and to seek discovery in connection with this matter.

27. In addition, Videojet reserves all of its rights with respect to the Debtors' burden of providing adequate assurance of future performance by a proposed assignee, and Videojet leaves the Debtors to their burden of proving, among other things, that the requirements of section 365(b)(1)(C) of the Bankruptcy Code have been satisfied with respect to any proposed assignee.

28. Videojet also expressly reserves all rights, claims, causes of action, remedies and defenses with respect to the Videojet Objection, the Videojet Supplemental Objection, the Videojet Equipment Leases, the Videojet Contracts, cure amounts related to the Videojet

Equipment leases and the Videojet Contracts, the Videojet Leased Equipment (as defined in the Videojet Objection) and any and all other property of Videojet.

WHEREFORE, Videojet respectfully requests that the Court: (i) sustain this Videojet Supplemental Objection in its entirety and overrule the Sale Motion and the Prairie Farms Dairy Notice to the extent the relief sought therein is inconsistent with this Videojet Supplemental Objection; (ii) require the Debtors to supplement and update the Prairie Farms Dairy Notice consistent with this Videojet Supplemental Objection; (iii) direct the prompt cure of any Videojet Equipment Leases and/or Videojet Contracts proposed to be assumed and assigned in the applicable amount of the Videojet Prairie Farms Dairy Cure Amounts; and (iv) grant Videojet such other and further relief that the Court deems just and proper.

DATED: April 30, 2020

By: /s/ Miles O. Indest
Miles O. Indest
State Bar No. 24101952
McGuireWoods LLP
600 Travis Street
Suite 7500
Houston, TX 77002
Telephone: (713) 353-6681
E-mail: mindest@mcguirewoods.com

- and -

Gregory T. Donilon
Montgomery McCracken Walker & Rhoads LLP
1105 N. Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 504-7805
E-mail: gdonilon@mmwr.com

*Counsel for Videojet Technologies Inc.*

**CERTIFICATE OF SERVICE**

       I hereby certify that on April 30, 2020, I caused a true and correct copy of the foregoing to be served on those parties receiving Notice of Electronic Filing generated by CM/ECF and also to be served upon the parties set forth on the following service list by electronic mail.

                              /s/ Miles O. Indest

*Counsel to Debtor*

Davis Polk & Wardwell LLP
Attn: Brian M. Resnick
      Steven Z. Szanzer
      Nate Sokol
brian.resnick@davispolk.com
steven.szanzer@davispolk.com
nathaniel.sokol@davispolk.com

-and-

Norton Rose Fulbright US LLP
Attn: William Greendyke
      Jason L. Boland
      Robert B. Bruner
      Julie Harrison
william.greendyke@nortonrosefulbright.com
jason.boland@nortonrosefulbright.com
bob.bruner@nortonrosefulbright.com
julie.harrison@nortonrosefulbright.com

*Counsel to the DIP Agent and the Prepetition Agent*

White & Case LLP
Attn: Scott Greissman
      Philip Abelson
      Elizabeth Feld
sgreissman@whitecase.com
philip.abelson@whitecase.com
efeld@whitecase.com

-and-

Gray Reed
Attn: Jason S. Brookner
jbrookner@grayreed.com

*Counsel to the Buyer*

Shearman & Sterling LLP
Attn: Fredric Sosnick
      Ian E. Roberts
      Foteini Teloni
fsosnick@shearman.com
ian.roberts@shearman.com
fay.teloni@shearman.com

*Counsel to the Committee*

Akin Gump Strauss Hauer & Feld LLP
Attn: Philip Dublin and Meredith Lahaie
pdublin@akingump.com
mlahaie@akingump.com

*U.S. Trustee*

Hector Duran
Office of U.S. Trustee
hector.duran.jr@usdoj.gov