

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/22/2020

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SOUTHERN FOODS GROUP, LLC, *et al.*, | ) | Case No. 19-36313 (DRJ) |
|  | ) |  |
| Debtors.[1] | ) | Jointly Administered |
|  | ) |  |

**ORDER (A) AUTHORIZING THE SALE OF THE DEBTORS' HAYWARD PROPERTY TO DPIF3 ACQUISITION CO LLC FREE AND CLEAR OF ALL CLAIMS, LIENS, INTERESTS, AND ENCUMBRANCES, (B) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM THEIR OBLIGATIONS UNDER THE PURCHASE AGREEMENT AND RELATED DOCUMENTS, AND (C) GRANTING RELATED RELIEF**
(Docket No. 2611)

Upon the motion (the "**Motion**")[2] of Southern Foods Group, LLC, Dean Foods Company, and certain of their affiliates (collectively, the "**Debtors**"), for entry of an order, pursuant to sections 363 and 105(a) of the Bankruptcy Code and Bankruptcy Rules 6004 and

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southern Foods Group, LLC (1364); Dean Foods Company (9681); Alta-Dena Certified Dairy, LLC (1347); Berkeley Farms, LLC (8965); Cascade Equity Realty, LLC (3940); Country Fresh, LLC (6303); Dairy Information Systems Holdings, LLC (9144); Dairy Information Systems, LLC (0009); Dean Dairy Holdings, LLC (9188); Dean East II, LLC (9192); Dean East, LLC (8751); Dean Foods North Central, LLC (7858); Dean Foods of Wisconsin, LLC (2504); Dean Holding Company (8390); Dean Intellectual Property Services II, Inc. (3512); Dean International Holding Company (9785); Dean Management, LLC (7782); Dean Puerto Rico Holdings, LLC (6832); Dean Services, LLC (2168); Dean Transportation, Inc. (8896); Dean West II, LLC (9190); Dean West, LLC (8753); DFC Aviation Services, LLC (1600); DFC Energy Partners, LLC (3889); DFC Ventures, LLC (4213); DGI Ventures, Inc. (6766); DIPS Limited Partner II (7167); Franklin Holdings, Inc. (8114); Fresh Dairy Delivery, LLC (2314); Friendly's Ice Cream Holdings Corp. (7609); Friendly's Manufacturing and Retail, LLC (9828); Garelick Farms, LLC (3221); Mayfield Dairy Farms, LLC (3008); Midwest Ice Cream Company, LLC (0130); Model Dairy, LLC (7981); Reiter Dairy, LLC (3675); Sampson Ventures, LLC (7714); Shenandoah's Pride, LLC (2858); Steve's Ice Cream, LLC (6807); Suiza Dairy Group, LLC (2039); Tuscan/Lehigh Dairies, Inc. (6774); Uncle Matt's Organic, Inc. (0079); and Verifine Dairy Products of Sheboygan, LLC (7200). The debtors' mailing address is 2711 North Haskell Avenue, Suite 3400, Dallas, TX 75204.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2002(a)(2), authorizing Debtor Berkeley Farms, LLC (the "**Seller**") to sell the Hayward Property to the Buyer pursuant to the Purchase Agreement; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due, proper, and adequate notice of the Motion under Bankruptcy Rule 6004(a) and opportunity for objection to and a hearing on the Motion having been given to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the Kimm Decl.; and the Court having the opportunity to hold a hearing on the Motion; and the Court having determined that the legal and factual bases set forth in the Motion, the Kimm Decl., and at the hearing establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion being in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and upon all of the proceedings had before the Court; and all objections to the Motion, if any, having been withdrawn, resolved, or overruled; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1.  The Motion and the relief granted therein is granted and approved as set forth herein.

2.  All objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived or settled as announced to the Court at the hearing on the Motion or by

stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits.

3. Notice of the Motion and the sale hearing was fair and equitable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

4. Pursuant to section 363(b) of the Bankruptcy Code, the Seller and each of its officers, employees, and agents are hereby authorized (but not directed) to perform, consummate, and implement the Hayward Property Sale, together with all additional instruments and documents that may be reasonably necessary or desirable to sell the Hayward Property at the Purchase Price pursuant to the Purchase Agreement, and to take any and all further actions as may be necessary or appropriate to the performance of its obligations as contemplated by the Purchase Agreement and this Order, including paying any expenses or costs that are required to be paid in order to consummate the Hayward Property Sale contemplated by this Order or to perform its obligations under any agreement related thereto.

5. The Purchase Agreement for the Hayward Property Sale, and all transactions contemplated therein, are hereby approved, and such Purchase Agreement and any related agreements, documents, or instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof, without further order of the Court, so long as any such modification, amendment, or supplement either (a) does not have a material adverse effect on the Seller's estate or (b) is agreed to by the Committee. The Debtors are authorized to take all actions necessary to conclude the Hayward Property Sale, including, without limitation, filing of documents with any applicable state or local governmental authorities.

**Error! Unknown document property name.**

6. Pursuant to section 363 of the Bankruptcy Code, the Debtors have exercised sound business judgment in connection with the Hayward Property Sale. The Purchase Price is fair and reasonable. None of the Debtors nor the Buyer has engaged in any conduct that would cause the Hayward Property Sale to be avoided, or damages or costs to be imposed, under section 363(n) of the Bankruptcy Code. The Buyer is a good faith purchaser as provided in section 363(m) of the Bankruptcy Code.

7. Pursuant to sections 363(f) and 105(a) of the Bankruptcy Code, upon the closing of the Hayward Property Sale, the Hayward Property shall be transferred, sold, and delivered to the Buyer free and clear of all liens, claims (including those that constitute a "claim" as defined in section 101(5) of the Bankruptcy Code), rights, liabilities, encumbrances, and other interests of any kind or nature (regardless of whether such liens, claims, rights, liabilities, encumbrances, or other interests have been asserted, filed, or otherwise exist by virtue of any applicable laws), including, without limitation, any debts arising under or out of, in connection with, or in any way relating to, any acts or omissions, obligations, demands, guaranties, rights, contractual commitments, restrictions, product liability claims, environmental liabilities, employee pension or benefit plan claims, multiemployer benefit plan claims, retiree healthcare or life insurance claims or claims for taxes of or against the Debtors, and any derivative, vicarious, transferee or successor liability claims, rights or causes of action (whether in law or in equity, under any law, statute, rule or regulation of the United States, any state, territory, or possession thereof or the District of Columbia), whether arising prior to or subsequent to the commencement of these chapter 11 cases, whether known or unknown, and whether imposed by agreement, understanding, law, equity or otherwise arising under or out of, in connection with, or in any way related to the Debtors, the Debtors' interests in the Hayward Property, the operation of the Hayward Property before the

**Error! Unknown document property name.**

Closing, or the transfer of the Debtors' interests in the Hayward Property to the Buyer. All valid, perfected, and enforceable liens, claims, rights, liabilities, and encumbrances against, and other interests in, the Hayward Property that existed immediately prior to the closing of the Hayward Property Sale, including, without limitation, the DIP Liens, the Permitted Liens, Prepetition Liens, and the Adequate Protection Liens (each as defined in the DIP Order[3]), shall attach to the sale proceeds that the Seller receives under the Hayward Property Sale (subject to the terms and conditions set forth in the DIP Order, this Order, or other applicable order of the Court, including, without limitation, the Carve-Out (as defined in the DIP Order)). Those liens, claims, rights, liabilities, encumbrances, and other interests will attach to the proceeds of the Hayward Property Sale in the same order of relative priority and with the same validity, force, and effect that the holder of such liens, claims, rights, liabilities, encumbrances, and other interests had against the Hayward Property prior to the closing of the Hayward Property Sale (including, for the avoidance of doubt, as set forth in the DIP Order), and will be subject to any claims and defenses the Seller may possess with respect thereto. The interests of the holders of such liens, claims, rights, liabilities, encumbrances, and other interests are being adequately protected pursuant to the provisions of this Order by having their liens, claims, rights, liabilities, encumbrances, and other interests, if any, in each instance against the Seller, its estate, or the Hayward Property, attach to the proceeds of the Hayward Property Sale in the same order of priority and with the same validity, force, and effect that such creditor or interest holder had prior to the Hayward Property Sale,

---

[3] "**DIP Order**" means the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552 and Rules 2002, 4001, 6003, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing, and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, and (IV) Granting Related Relief* [D.I. 608], as amended pursuant to the *Order (I) Authorizing the Debtors to Amend the Post-Petition Financing Credit Agreement, (II) Amending the Final DIP Order, and (III) Granting Related Relief* [D.I. 1897].

Error! Unknown document property name.

subject to any claims and defenses the Seller and its estate may possess with respect thereto. All Persons having liens, claims, rights, liabilities, encumbrances, and other interests of any kind or nature whatsoever against the Debtors or the Hayward Property shall be forever barred, estopped, and permanently enjoined from pursuing or asserting such liens, claims, rights, liabilities, encumbrances, and other interests against the Buyer or any of its assets, property, affiliates, successors, assigns, or the Hayward Property.

8. The Debtors are hereby authorized (but not directed) to sell the Hayward Property to the Buyer at the Purchase Price pursuant to the Purchase Agreement. The Debtors, as well as their officers, employees, and agents, are authorized (but not directed) to execute, deliver and perform their obligations under and comply with the terms of the Purchase Agreement and to consummate the transactions therein, pursuant to and in accordance with the terms and conditions of the Purchase Agreement and this Order. The Debtors and their respective officers, employees and agents, are authorized (but not directed) to execute and deliver, and authorized (but not directed) to perform under, consummate, and implement all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and to take all further actions as may be (a) reasonably requested by the Buyer for the purpose of assigning, transferring, granting, conveying, and conferring to the Buyer, or reducing to possession, the Hayward Property or (b) necessary or appropriate to the performance of the obligations contemplated by the Purchase Agreement, all without further order of the Court.

9. As of the Closing, the transfer of the Hayward Property to the Buyer will be a legal, valid, and effective transfer of the Hayward Property, and will vest the Buyer with all right, title, and interest of the Debtors in and to the Hayward Property, free and clear of all liens, claims, rights, liabilities, encumbrances, and other interests.

**Error! Unknown document property name.**

10. The Debtors (a) have full corporate or limited liability company (as applicable) power and authority to execute the Purchase Agreement and all other documents contemplated thereby, and the sale has been duly and validly authorized by all necessary corporate action of the Debtors, (b) have all of the corporate or limited liability company (as applicable) power and authority necessary to consummate the transactions contemplated by the Purchase Agreement, and (c) upon entry of this Order, need no consent or approval from any other person to consummate the sale transaction.

11. The Hayward Property constitutes property of Seller's estate and good title is vested in Seller's estate within the meaning of section 541(a) of the Bankruptcy Code. Seller is the sole and rightful owner of the Hayward Property, and no other Person has any ownership right, title, or interests therein.

12. The Hayward Property Sale at the Purchase Price and pursuant to the Purchase Agreement shall be deemed approved in all respects as set forth in this Order.

13. If there is any direct conflict between the Purchase Agreement or any other related agreement, document, or instrument and this Order, the terms of this Order shall control.

14. The terms and provisions of the Purchase Agreement with respect to the Hayward Property Sale and all related documents necessary to consummate the Hayward Property Sale, together with the terms and provisions of this Order, shall be binding in all respects upon the Debtors, their estates, their creditors, and all parties in interest, including any and all successors and assigns (including, without limitation, any trustee or chapter 11 plan administrator appointed under the Bankruptcy Code).Nothing contained in any chapter 11 plan confirmed in the Chapter 11 Cases, any order confirming any chapter 11 plan, or any other order of any type or kind entered

**Error! Unknown document property name.**

in the Chapter 11 Cases or any related proceeding, including any subsequent chapter 7 case, shall conflict with or derogate from the terms of this Order.

15. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Hayward Property Sale.

16. Notwithstanding anything to the contrary contained herein, any proceeds obtained by the Seller pursuant to the Hayward Property Sale or any authorization contained hereunder shall be subject to any applicable requirements imposed on the Debtors under the DIP Order and the other DIP Loan Documents (as defined in the DIP Order), including, for the avoidance of doubt, with respect to the application of such proceeds in accordance with the DIP Amendment (as defined in the Amended DIP Order).

17. Nothing in this Order or the Purchase Agreement releases, nullifies, precludes, or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner or operator of property after the date of entry of this Order. Nothing in this Order or the Purchase Agreement authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.

18. The automatic stay is hereby terminated as to the Buyer to allow the Buyer to exercise its rights and remedies under the Purchase Agreement (to the extent applicable).

19. The Debtors are hereby authorized to take such actions as are necessary or appropriate to implement the terms of this Order.

**Error! Unknown document property name.**

20.    Notwithstanding Bankruptcy Rules 6004 and 7062 and any other applicable Bankruptcy Rules or applicable Local Rules to the contrary, this Order shall be effective immediately upon entry and shall not be subject to any stay in the implementation, enforcement, or realization of the relief granted herein.  Any stay of this Order is expressly waived.

21.    The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order, the Hayward Property Sale, and the Purchase Agreement.

**Signed:  July 22, 2020.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

**Error! Unknown document property name.**