UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN and WESTERN DISTRICTS OF TEXAS
HECTOR DURAN
TRIAL ATTORNEY
515 Rusk, Suite 3516
Houston, Texas   77002
Telephone: (713) 718-4650 x 241
Fax: (713) 718-4670

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. |
| | § | |
| SOUTHERN FOODS GROUP, LLC | § | 19-36313 (DRJ) |
| *et al.*, | § | (Chapter 11) |
| | § | |
| DEBTORS[1] | § | (Jointly Administered) |

**LIMITED OBJECTION OF UNITED STATES TRUSTEE TO
DEBTORS' JOINT CHAPTER 11 PLAN OF LIQUIDATION**

TO THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southern Foods Group, LLC (1364); Dean Foods Company (9681); Alta-Dena Certified Dairy, LLC (1347); Berkeley Farms, LLC (8965); Cascade Equity Realty, LLC (3940); Country Fresh, LLC (6303); Dairy Information Systems Holdings, LLC (9144); Dairy Information Systems, LLC (0009); Dean Dairy Holdings, LLC (9188); Dean East II, LLC (9192); Dean East, LLC (8751); Dean Foods North Central, LLC (7858); Dean Foods of Wisconsin, LLC (2504); Dean Holding Company (8390); Dean Intellectual Property Services II, Inc. (3512); Dean International Holding Company (9785); Dean Management, LLC (7782); Dean Puerto Rico Holdings, LLC (6832); Dean Services, LLC (2168); Dean Transportation, Inc. (8896); Dean West II, LLC (9190); Dean West, LLC (8753); DFC Aviation Services, LLC (1600); DFC Energy Partners, LLC (3889); DFC Ventures, LLC (4213); DGI Ventures, Inc. (6766); DIPS Limited Partner II (7167); Franklin Holdings, Inc. (8114); Fresh Dairy Delivery, LLC (2314); Friendly's Ice Cream Holdings Corp. (7609); Friendly's Manufacturingand Retail, LLC (9828); Garelick Farms, LLC (3221); Mayfield Dairy Farms, LLC (3008); Midwest Ice Cream Company, LLC (0130); Model Dairy, LLC (7981); Reiter Dairy, LLC (3675); Sampson Ventures, LLC (7714); Shenandoah's Pride, LLC (2858); Steve's Ice Cream, LLC (6807); Suiza Dairy Group, LLC (2039); Tuscan/Lehigh Dairies, Inc. (6774); Uncle Matt's Organic, Inc. (0079); and Verifine Dairy Products of Sheboygan, LLC (7200). The debtors' mailing address is 2711 North Haskell Avenue, Suite 3400, Dallas, TX 75204.

Kevin M. Epstein, the United States Trustee for Region 7 (the "U.S. Trustee"), objects to the *Joint Chapter 11 Plan of Liquidation of Southern Foods Group, LLC, Dean Foods Company, and Their Debtor Affiliates* [Dkt. No. 3398] (the "Plan"), and represents as follows:

## I.     Preliminary Statement

The Plan improperly provides overly broad exculpation coverage to a myriad of parties in violation of section 524(e) of the Bankruptcy Code and black letter Fifth Circuit law. This controlling decision is unequivocal: only an official committee and its members may receive exculpation coverage. *In re Pac. Lumber Co.*, 584 F.3d 229, 252-253 (5th Cir. 2009). Unless the Debtors conform the Plan's exculpation provision to this mandate, the Plan violates section 1129(a)(1) and the Court should deny confirmation.

## II.    Jurisdiction, Venue & Constitutional Authority to Enter a Final Order

1.     The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. § 1408.

2.     This Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the U.S. Trustee consents to the entry of a final order or judgment by this Court in this matter.

3.     Kevin M. Epstein is the duly appointed U.S. Trustee for Region 7. The U.S. Trustee has standing to raise, appear and be heard on any issue in a case or proceeding under the Bankruptcy Code. 11 U.S.C. § 307.

4.     The U.S. Trustee has a statutory duty to monitor the administration of cases commenced under the Bankruptcy Code. 28 U.S.C. § 586(a)(3). In chapter 11, the U.S. Trustee's

supervisory responsibilities include monitoring plans and disclosure statements and filing comments with the court. 28 U.S.C. § 586(a)(3)(B).

### III. Factual Background

**A.  General Information**

5.  On November 12, 2019 (the "Petition Date"), the Debtors filed chapter 11 voluntary petitions. Since the orders for relief under chapter 11 were entered, the Debtors have operated as debtors in possession under 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed in these chapter 11 cases.

6.  On November 12, 2019, the Court entered the Order directing joint administration of the chapter 11 cases solely for procedural purposes. *See* Dkt. No. 9.

7.  On November 22, 2019, the U.S. Trustee appointed the Official Committee of Unsecured Creditors. *See* Dkt. No. 288.

8.  On January 27, 2021, the Debtors filed revised versions of the Disclosure Statement and Plan. *See* Dkt. Nos. 3398 and 3399.

9.  On January 29, 2021, the Court entered the Order approving the Disclosure Statement. *See* Dkt. No. 3421.

**B.  The Plan**

10.  As detailed in the chart, the Plan sets forth ten classes:

| Class | Claim or Interest | Status | Voting Rights |
|---|---|---|---|
| Class 1 | Other Secured Claims | Unimpaired | Deemed to Accept |
| Class 2 | Other Priority Claims | Unimpaired | Deemed to Accept |
| Class 3 | Senior Note Claims | Impaired | Entitled to Vote |
| Class 4 | Control Group Liability Pension Claims | Impaired | Entitled to Vote |
| Class 5 | Convenience Claims | Impaired | Entitled to Vote |
| Class 6 | General Unsecured Claims | Impaired | Deemed to Accept or Presumed to Reject |

| Class | Claim or Interest | Status | Voting Rights |
|---|---|---|---|
| Class 7 | Prepetition Intercompany Claims | Unimpaired or Impaired | Deemed to Accept or Presumed to Reject |
| Class 8 | Section 510(b) Claims | Impaired | Presumed to Reject |
| Class 9 | Existing Interests | Impaired | Presumed to Reject |
| Class 10 | Intercompany Interests | Unimpaired or Impaired | Deemed to Accept or Presumed to Reject |

Plan, Art.III.A.2. The Impaired Classes include Class 3 (Senior Note Claims), Class 4 (Control Group Liability Pension Claims), Class 5 (Convenience Claims), and Class 6 (General Unsecured Claims) and are entitled to vote on the Plan. Disclosure Statement, Art.I.C.3. Classes 8 (Section 510(b) Claims) and Class 9 (Existing Interests) are also impaired but will not receive or retain any property under the Plan and are deemed to reject the Plan. *Id.*

11. The Plan contains a broad exculpation clause that provides that "none of the Exculpated Parties shall have or incur any liability for any act or omission in connection with, relating to, or arising out of the Chapter 11 Cases, the negotiation of any settlement or agreement, contract, instrument, the Disclosure Statement, release, or document created or entered into in connection with the Plan or in the Chapter 11 Cases, (including the Plan Supplement and, in each case, any documents and related prepetition transactions related thereto), the pursuit of confirmation and consummation of the Plan, the preparation and distribution of the Plan, the Plan Documents, the DIP Loan Documents, the DIP Facility, the Securitization Facility Documents, the Securitization Facility, the offer, issuance, and distribution of any securities issued or to be issued under or in connection with the Plan, any other prepetition or post-petition act taken or omitted to be taken in connection with or in contemplation of the liquidation of the Debtors or the administration of the Plan or the property to be distributed under the Plan…" (the "Exculpation Coverage"). Plan, Art.IX.D. The Plan provides Exculpation Coverage to "(a) the Debtors; (b) the Liquidating Debtors; (c) the Liquidating Trustee; (d) the Liquidating Trust Advisory Board and its

4

members; (e) the Creditors' Committee and its members; (f) the DIP Agent; (g) each DIP Secured Party; (h) each Securitization Party; (i) each Prepetition Secured Party; (j) the Senior Notes Indenture Trustee; (k) the Securitization Entities; and (l) with respect to each of the foregoing Persons and Entities in clauses (a) through (j), such Person's or Entity's predecessors, successors, assigns, subsidiaries, Affiliates, managed accounts and funds, and all of their respective current and former officers and directors, principals, equity holders, members, partners, managers, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, investment managers, investment advisors, management companies, fund advisors, and other professionals, and such Persons' respective heirs, executors, estates, and nominees." Plan, Art.I.63.

## IV. Argument

### A. Statutory Standards

Section 1129(a) of the Bankruptcy Code sets forth the requirements for confirming a chapter 11 plan on a consensual basis, when each impaired class of claims votes to approve the plan. Among other things, a plan must comply with the applicable provisions of the Bankruptcy Code. 11 U.S.C. § 1129(a)(1).

The Debtors bear the burden of establishing that the Plan complies with all of the elements of section 1129. *In re Cypresswood Land Partners, I,* 409 B.R. 396, 422 (Bankr. S.D. Tex. 2009) ("The Debtor, as the proponent of the [plan], has the burden of proving that all elements of 11 U.S.C. § 1129(a) are satisfied.") (citing *In re Internet Navigator Inc.,* 289 B.R. 128, 131 (Bankr. N.D. Iowa 2003)).

### B. The Exculpation Provision Violates Fifth Circuit Law

Under controlling Fifth Circuit law, a chapter 11 plan may only exculpate a creditors

committee and its members.  *Pac. Lumber Co*., 584 F.3d at 252-53; *see also In re Patriot Place, Ltd*., 486 B.R. 773, 823-24 (Bankr. W.D. Tex. 2013) (applying *Pacific Lumber* and concluding that "that the Non–Debtor Releases/Exculpations proposed in the [plan were] vague, overbroad, and [did] not comply with Fifth Circuit precedent and the Bankruptcy Code"). The Fifth Circuit expressly rejected "a more lenient approach to non-debtor releases taken by other courts" and held that the "fresh start § 524(e) provides to debtors is not intended to serve this purpose" for others. 584 F.3d at 252-53.  With one exception for statutory committees, the Fifth Circuit considered and rejected any distinction between prohibited third party non-debtor releases and exculpation coverage. *See id*. at 253.

As noted above, the Plan provides Exculpation Coverage to a laundry list of parties that include: "(a) the Debtors; (b) the Liquidating Debtors; (c) the Liquidating Trustee; (d) the Liquidating Trust Advisory Board and its members; (e) the Creditors' Committee and its members; (f) the DIP Agent; (g) each DIP Secured Party; (h) each Securitization Party; (i) each Prepetition Secured Party; (j) the Senior Notes Indenture Trustee; (k) the Securitization Entities; and (l) with respect to each of the foregoing Persons and Entities in clauses (a) through (j), such Person's or Entity's predecessors, successors, assigns, subsidiaries, Affiliates, managed accounts and funds, and all of their respective current and former officers and directors, principals, equity holders, members, partners, managers, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, investment managers, investment advisors, management companies, fund advisors, and other professionals, and such Persons' respective heirs, executors, estates, and nominees."  Plan, Art.I.63.

Except for the "Creditors' Committee and its members," none of the Exculpated Parties may receive Exculpation Coverage under *Pacific Lumber*'s interpretation of 11 U.S.C. § 524(e).

6

Absent a conforming amendment, this Court should deny confirmation because the Plan violates 11 U.S.C. § 524(e), and in turn, 11 U.S.C. § 1129(a)(1).

### V. Conclusion

For the reasons above, this Court should deny confirmation absent the modification detailed herein, and grant such other and further relief as it may deem just and proper.

Dated: March 4, 2021

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN and WESTERN
DISTRICTS OF TEXAS

By: /s/ Hector Duran
Hector Duran
Trial Attorney
Texas Bar No. 00783996
515 Rusk, Suite 3516
Houston, TX 77002
Mobile: (202) 527-4538
Telephone: (713) 718-4650 x 241
Fax: (713) 718-4670

### CERTIFICATE OF CONFERENCE

I hereby certify that on March 4, 2021, I conferred with Robert B. Bruner, Esq. of Norton Rose Fulbright US LLP, counsel for the Debtors, but the parties were unable to resolve the matter.

/s/ Hector Duran
Hector Duran

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic means via ECF transmission or BNC noticing to all Pacer System participants in these bankruptcy cases, on the 4th day of March, 2021.

/s/ Hector Duran
Hector Duran